UNITED STATES of America,
Plaintiff-Appellee,

v.

Louis C. MUELLER,
Defendant-Appellant.

No. 74–2988.

United States Court of Appeals,
Fifth Circuit.

April 7, 1975.

Brice A. Tondre, San Antonio, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., John M. Pinckney, III, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Mueller was convicted of willfully making false and incorrect entries in the business records of his employer, the Karnes City Livestock Company, Inc., in violation of 7 U.S.C. § 222[1]

---

1. 7 U.S.C. § 222 provides:

For the efficient execution of the provisions of this chapter, and in order to provide information for the use of Congress, the provisions (including penalties) of sections 46 and 48–50 of Title 15, are made applicable to the jurisdiction, powers, and duties of the Secretary in enforcing the provisions of this chapter and to any person subject to the provisions of this chapter, whether or not a corporation. The Secretary, in person or by such agents as he may designate, may prosecute any inquiry necessary to his duties under this chapter in any part of the United States.

and 15 U.S.C. § 50.[2] On appeal, he contends that his conviction must be reversed for any one of the following five reasons: (1) the trial court failed to suppress evidence obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; (2) his employer was utilized by the Packers and Stockyards Administration as an instrumentality or device for avoiding the necessity of giving the *Miranda* warnings; (3) there was fatal variance between the indictment and the prosecution's evidence and theories at trial; (4) the trial judge improperly refused to instruct the jury concerning the weight of certain federal regulations admitted into evidence; (5) the prosecution made highly prejudicial remarks to the jury during cross-examination of the defendant and during final argument. Because we find these contentions unpersuasive, we affirm the jury verdict.

Mueller, a weighmaster at the stockyards, was indicted for entering false weights on seven scale tickets. He apparently cooperated with one Killen, a buyer for a cattle company, in printing exaggerated weights on tickets describing animals purchased by Killen, resulting in an overcharge to his principal.

Williams, an official of the Packers and Stockyards Administration, United States Department of Agriculture, went to the stockyards in July 1973 to investigate Killen's activities. Williams' power was purely investigative; he had no authority to compel answers or to arrest those he suspected of wrongdoing. He first questioned Denson, the manager of the cattle market, who indicated that he considered Mueller to be a trustworthy employee. Williams then individually interviewed both Mueller and Killen without giving them *Miranda* warnings, and both men admitted their involvement in the illegal scheme.

■■ On appeal Mueller relies principally on his contention that the incriminating statements he made to Williams were inadmissible at trial since they were made without the benefit of *Miranda* warnings. The fallacy of this argument is that the appellant was not in custody[3] at the time he admitted wrongdoing. This court's recent decision in *United States v. Carollo,* 507 F.2d 50 (5th Cir. 1975) confirms that Mueller did not make the statements in question during a "custodial interrogation."

In *Carollo,* a restaurant proprietor made incriminating statements, without having received *Miranda* warnings, to Special Agents of the Bureau of Alcohol, Tobacco, and Firearms, Department of the Treasury, during the course of an "administrative inspection." The agents inspecting the restaurant questioned Carollo only after they noticed liquor bottles marked similarly to those in retail stores and became suspicious that Carollo was purchasing liquor illegally from retail merchants rather than from

---

**2.** 15 U.S.C. § 50 provides in part:

Any person who shall willfully make, or cause to be made, any false entry or statement of fact in any report required to be made under sections 41 to 46 and 47 to 58 of this title, or who shall willfully make, or cause to be made, any false entry in any account, record, or memorandum kept by any corporation subject to said sections, or who shall willfully neglect or fail to make, or to cause to be made, full, true, and correct entries in such accounts, records, or memoranda of all facts and transactions appertaining to the business of such corporation, or who shall willfully remove out of the jurisdiction of the United States, or willfully mutilate, alter, or by any other means falsify any documentary evidence of such corporation, or who shall willfully refuse to submit to the Commission or to

any of its authorized agents, for the purpose of inspection and taking copies, any documentary evidence of such corporation in his possession or within his control, shall be deemed guilty of an offense against the United States, and shall be subject, upon conviction in any court of the United States of competent jurisdiction, to a fine of not less than $1,000 nor more than $5,000, or to imprisonment for a term of not more than three years, or to both such fine and imprisonment.

**3.** *Miranda v. Arizona* requires that warnings be given only prior to a "custodial interrogation", that is, "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action, in any significant way." 384 U.S. at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at 706.

authorized wholesale dealers. This court, while noting that at the time of questioning an actual "criminal investigation" may have focused on Carollo, nonetheless held that a custody situation did not exist.

■ The circumstances of the questioning in the instant case are even less "custodial" than those in *Carollo.* As the district court observed in denying the motion to suppress the introduction into evidence of Mueller's incriminating statements, the admissions emerged during the course of an "informal conversation." The investigating agent was not a police officer and had no authority to arrest. Mueller was at liberty to depart at any time or to withhold whatever information he desired. In the circumstances, we conclude that *Miranda* warnings were not required.

We have examined the briefs and the record concerning Mueller's remaining four contentions of error and find them also to be without merit.

Affirmed.