UNITED STATES of America,
Plaintiff-Appellant,

v.

Ricki PLANCHE, Defendant-Appellee.

No. 75–1745.

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1976.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., J. Phillip Krajewski, Sp. Atty., U. S. Dept. of Justice, New Orleans, La., Michael J. Keane, Dept. of Justice, Crim. Div., Appellate Sec., Washington, D. C., for plaintiff-appellant.

Virgil M. Wheeler, Jr., New Orleans, La., for defendant-appellee.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

In this case the government appeals from an order by the district court, entered after a full hearing, granting appellee Planche's motion to suppress incriminatory statements and admissions[1] made by her during an ostensible "routine administrative inspection"[2] of her liquor stock.[3] Since we are unable to

1. The incriminating *physical* evidence—the suspect liquor bottles—was not suppressed by the district court.

2. The government contends that the inspection occurred after a tip was received from an informant, whose reliability. allegedly was unknown, that the Bourbon Onassis lounge, appellee's place of business, had purchased liquor from a retail establishment. In arguing that the reliability of its informant was *not* known, the government has added a rather novel twist to this case.

3. The purpose of the inspection was to determine whether Planche had violated the stricture of 26 U.S.C. § 5117(a), which forbids dealers from purchasing liquor for resale fro

conclude that the findings of the district court on the pre-trial motion to suppress are clearly erroneous, they are binding on us[4] and we affirm.

■ The evidence at the hearing revealed that some eight liquor agents,[5] pursuant to an informant's tip, were present in appellee's establishment for some three to four hours, during which time appellee and her employees were interrogated and her liquor stock was checked and thoroughly examined. In these circumstances the district court did not commit manifest error in concluding that the interrogation of appellee Planche was custodial in nature, that *Miranda* warnings should have been given, and that, since the *Miranda* warnings were not given, the incriminating statements should be suppressed.

■ The government strenuously contends that the district court's suppression of the statements flies in the face of our recent opinion in *United States v. Carollo*, 507 F.2d 50 (5th Cir. 1975) (petition for certiorari pending). However, the district court conscientiously applied the four-pronged test, enunciated by us in *Carollo* as relevant to the custodial-non-custodial question,[6] and determined the issues adversely to the government's position. This case is, of course, crucially distinguishable factually from *Carollo* due to the following elements not present in *Carollo*, but found to be extant here: (1) the presence of eight or nine agents (an unusually large number), (2) the presence of a prior tip by an informant, and (3) the three-four hour length of the "inspection" (an unusually long period of time). The critical determinations in these cases

are factual in nature, e. g., *Carollo, supra* ; *United States v. Mueller*, 510 F.2d 1116 (5th Cir. 1975), and we reiterate that in such cases the granting or denial of a motion to suppress by the trial court will not be disturbed absent clear error.

We have thoroughly reviewed the record and briefs in this case, and have carefully considered the oral argument, but we have determined that the contentions of the government are without merit. It is our conclusion that the facts found by the district court are supported by substantial evidence and that the legal conclusions drawn therefrom are correct.

Affirmed.

---

anyone other than a wholesale dealer who has paid the requisite tax thereon. Subsection (3) of this section contains an exception not relevant here.

4. E. g., *United States v. Reynolds*, 511 F.2d 603, 607 (5th Cir. 1975); *United States v. Gunn,* 428 F.2d 1057, 1060 (5th Cir. 1970).

5. Three full-fledged agents of the Bureau of Alcohol, Tobacco and Firearms, at least four

and possibly five "trainee agents" of that Bureau, and one state agent were present during the inspection.

6. The relevent factors are:
(1) probable cause to arrest, (2) subjective intent of the police, (3) subjective belief of the defendant, and (4) focus of the investigation.
507 F.2d at 52 (citations omitted).