**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roel Angel TREVINO,**
**Defendant-Appellant.**

No. 77–5287

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1978.

Rehearing Denied Feb. 6, 1978.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Kenneth L. Yarbrough, Corpus Christi, for defendant-appellant.

J. A. Canales, U. S. Atty., Mary L. Sinderson, James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Appellant Trevino was charged with conspiring to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846. Five other persons were indicted as coconspirators,[1] and one of them, Garza, was the key government witness at Trevino's trial. In exchange for his testimony, Garza was dismissed as a defendant in this and another case, and, apparently as part of the bargain, he pled guilty in a third case.

Trevino was convicted by a jury and sentenced to five years imprisonment, with a special parole term of five years. He raises two issues on appeal: (1) admissibility of evidence of extraneous offenses, and (2)

---

1. One coconspirator was transferred to Florida pursuant to Rule 20, Fed.R.Crim.P., two pled guilty to superseding informations, and another pled guilty to the conspiracy charge.

alleged prejudice stemming from the trial court's instruction to the jury on Trevino's right to remain silent. We affirm.

Garza's testimony was critical in obtaining Trevino's conviction. Although D.E.A. agents had kept the other coconspirators under surveillance and had caught them red-handed, they had observed Trevino only in an incidental manner, when four of the coconspirators stopped at an automotive shop owned by Trevino. Garza testified that he had spoken by telephone with Trevino and coconspirator Alvarez about the marijuana shipment that was subsequently foiled by the D.E.A. agents, that Trevino and Alvarez were in the deal together, and that Trevino had sent a trailer to Garza to be loaded with marijuana.

The defense theory clearly was that Trevino was not involved in the marijuana transaction and that he had spoken with Garza only about the purchase of an irrigation pump.[2] Garza admitted on cross-examination that he had discussed the pump in phone conversations with Trevino. The government then sought to introduce evidence of Trevino's participation with Garza and Alvarez in previous marijuana transactions. The trial court admitted the evidence, which consisted solely of testimony from Garza. According to Garza, Trevino had induced him to sell marijuana to Alvarez. Garza said he supplied the marijuana to Trevino, who then resold it to Alvarez at a higher price. Alvarez apparently wanted to deal directly with Garza, but Garza claimed to have rejected such an arrangement.

■ Trevino complains that admission of this evidence is contrary to Rule 404(b), Fed.R.Evid., and decisions of this court re-

garding extraneous offenses.[3] He first argues that the trial court failed to examine the evidence to determine if it was "clear and convincing" before allowing it to go to the jury. In *United States v. Broadway*, 477 F.2d 991 (5th Cir. 1973), we stated that the trial court should conduct such an independent examination. His failure to do so is not reversible error, however, for this court will make such a determination on appeal.

■ We conclude that the standard is met here. The fact that Garza was an accomplice with a grant of immunity whose testimony was uncorroborated is not dispositive. Because such testimony is sufficient to support a conviction, e. g., *United States v. Stanley*, 433 F.2d 637 (5th Cir. 1970); *Tillery v. United States*, 411 F.2d 644 (5th Cir. 1969), it is sufficient for purposes of the "clear and convincing" rule. *See United States v. Brunson*, 549 F.2d 348 (5th Cir. 1977) (some corroborating details present); *United States v. Crockett*, 534 F.2d 589 (5th Cir. 1976) (alternative holding). Moreover, the trial court gave an appropriate cautionary instruction regarding uncorroborated accomplice testimony. *See Tillery v. United States, supra.*

Trevino also argues that there was no substantial need for the probative value of the evidence provided by the prior offense. This argument is plainly without merit. First, the existence of a plan was a material issue at the trial, and Garza's testimony regarding the prior offense helped establish the total picture. Second, and more significantly, the prior offense evidence was crucial in establishing Trevino's intent. The government had a substantial need for the evidence in order to contradict the defense

---

**2.** In addition to questioning Garza about the pump, defense counsel attempted to establish that Garza had told him in an interview that Trevino had nothing to do with the marijuana deal and that Alvarez had bypassed Trevino to deal directly with Garza. The trial court refused to admit this testimony, which was taken out of the jury's presence. Trevino does not challenge this ruling on appeal.

**3.** We do not reiterate here the familiar rules governing admission of such evidence. These standards are set out in such cases as *United States v. Myers*, 550 F.2d 1036 (5 Cir. 1977); *United States v. Brunson*, 549 F.2d 348 (5 Cir. 1977); and *United States v. Bloom*, 538 F.2d 704 (5 Cir. 1976).

theory that the telephone calls were innocuous in nature and dealt only with the purchase of a pump. *See United States v. Brunson, supra*, 549 F.2d at 361 (prior offense necessary to contradict defendant's claim that he was ignorant of the crime charged).

■ Finally, Trevino contends that the extraneous offense and the charged offense were not sufficiently similar, pointing out that he was allegedly a "middleman" in the former scheme but did not perform that function in the deal that led to the present case. We find this distinction meaningless, for both acts constitute the same basic offense, *i. e.*, a drug conspiracy. Where, as here, the play has remained the same but the actors have exchanged roles, there is no need to drop the curtain of inadmissibility.[4] We thus conclude that the trial court did not abuse his broad discretion in admitting this evidence.

■ Trevino also argues that the trial court, via an instruction to the jury, impermissibly commented on his failure to testify in his own behalf. In questioning Garza, the first witness, the government's attorney established that Garza had been previously convicted on marijuana charges in Maryland and that he had not taken the stand at his trial. Defense counsel objected to the questions and answers on the ground that they were comments on whether Trevino would testify later in the proceedings. Counsel then asked the court to instruct the jury not to consider the exchange for any purpose and moved for a mistrial. The court denied the motion but gave this instruction:

> [A]s far as the law is concerned, the defendant in any case no matter where it is in the United States does not have to testify. He cannot be required in any way to incriminate himself and the fact that he does take that position is no evi-

dence of any kind at all and you are not to consider it in any circumstance. . .

First, we note that the questions asked by the government's attorney were not improper comments on Trevino's subsequent assertion of his fifth amendment privilege. *See United States v. Deaton*, 468 F.2d 541 (5th Cir. 1972), *cert. denied*, 410 U.S. 934, 93 S.Ct. 1386, 35 L.Ed.2d 597 (1973). The inquiries were not of such character that the jury would naturally and necessarily take them as comments on the defendant's silence. *United States v. Dearden*, 546 F.2d 622 (5 Cir. 1977); *United States v. White*, 444 F.2d 1274 (5 Cir.), *cert. denied*, 404 U.S. 949, 92 S.Ct. 300, 30 L.Ed.2d 266 (1971).

■ Trevino contends, however, that the instruction itself constituted an improper comment. Although we have in the past held that an unsolicited comment by a trial judge can be prejudicial, *Davis v. United States*, 357 F.2d 438 (5 Cir. 1966), we find no prejudice here, in a situation far different from that in *Davis*. First, defense counsel invited the comment by requesting a cautionary instruction. Second, counsel did not make a specific request as to the form or content of the instruction, and after it was given he lodged no objection and sought no further clarification. In these circumstances, we cannot say that the instruction constitutes plain error, the standard applicable in light of counsel's request for the instruction and his failure to object. *See United States v. Pena*, 527 F.2d 1356 (5 Cir. 1975), *cert. denied*, 426 U.S. 949, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976); *United States v. Velasquez*, 496 F.2d 1009 (5 Cir. 1974). In order to prevent this problem from occurring, the district court should not, in its explanation of the right to remain silent, mention that a defendant can assert his fifth amendment privilege in order to avoid self-incrimination. The court can thus eliminate any possible inference

---

**4.** We also note that when intent is at issue, the offenses need not be identical to pass the simi-

larity test. *E. g., United States v. Shadletsky*, 491 F.2d 677 (5 Cir.), *cert. denied*, 419 U.S. 830,

that the testimony of a particular defendant would be incriminating.

AFFIRMED.

95 S.Ct. 52, 42 L.Ed.2d 55 (1974); *United States v. Crockett,* 514 F.2d 64 (5 Cir. 1975).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.