UNITED STATES of America, Plaintiff-Appellee,

v.

Jerome BLACK, Defendant-Appellant.

No. 78–5732
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 25, 1979.

Rehearing Denied July 27, 1979.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

William B. Lloyd, Jr., Birmingham, Ala., for defendant-appellant.

J. R. Brooks, U. S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

## PER CURIAM:

Jerome Black appeals from a jury conviction for possession of heroin with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1). He urges that the trial court erred in admitting extrinsic offense evidence without first conducting a preliminary examination outside the presence of the jury to determine the admissibility of the proffered evidence. We find no merit to Black's argument and affirm his conviction.

On August 2, 1978, law enforcement officials, pursuant to a valid search warrant, conducted a search of Black's residence in Brighton, Alabama. Although Black was successful in flushing something which may have been contraband down the toilet, the officers still managed to seize a quantity of heroin found in the house. Black's defense at trial, as developed through the other people arrested in the house that night, was that the heroin belonged to another person who had brought it over in a donut box shortly before the police arrived. With the issue of intent thus squarely in issue, the government presented evidence that Black was arrested on October 28, 1977, and February 14, 1978, for possession of narcotics paraphernalia and possession of heroin. The trial judge admitted the evidence without conducting a preliminary hearing.

■ The trial court's failure to conduct a preliminary hearing is not reversible error, since this Court will make a determination as to admissibility on appeal. *United States v. Trevino,* 565 F.2d 1317 (5th Cir.), cert. denied, 435 U.S. 971, 98 S.Ct. 1613, 56 L.Ed.2d 63 (1978). And judging the admissibility of the extrinsic offense evidence in light of *United States v. Beechum,* 582 F.2d 898 (5th Cir. 1978) (en banc), we conclude that the trial judge properly exercised his discretion in admitting the evidence.

■ Both requirements of the *Beechum* two-part test for the admissibility of extrinsic offense evidence are satisfied in this case. First, Black does not deny, as indeed he cannot, that the extrinsic offenses require the same intent as the charged offense. Evidence of Black's prior dealings in heroin is highly probative of his intent to commit the charged offense and makes it less likely that he was simply an innocent bystander at the scene of a crime committed by another. Moreover, the testimony of the arresting officers would enable the jury to find that Black had committed the extrinsic offenses. 582 F.2d at 913.

Second, we find that the incremental probative value of the extrinsic offense evidence is not "substantially outweighed by the danger of unfair prejudice" to the defendant. Fed.R.Evid. 403; *United States v. Beechum,* 582 F.2d at 914. The defendant had placed his intent in issue by admitting his presence at the scene of the crime but denying an intent to possess or distribute the heroin; thus, the government's case was in substantial need of the extrinsic offense evidence. Other factors point toward admissibility. The extrinsic offenses were identical to the charged offense and had occurred within one year of the charged offense, thus making them highly probative of Black's intent to commit the charged offense. Introduction of the extrinsic offenses did not constitute cumulative evidence, nor did its introduction into evidence tend to confuse the issues, mislead the jury or cause undue delay. Moreover, any po-

tential for unfair prejudice was minimized by the trial court's appropriate limiting instruction. The admission of the extrinsic offenses was proper. *See United States v. McMahon*, 592 F.2d 871 (5th Cir. 1979); *United States v. Barnes*, 586 F.2d 1052 (5th Cir. 1978); *United States v. Zimeri-Safie*, 585 F.2d 1318 (5th Cir. 1978); *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc).

AFFIRMED.