UNITED STATES of America,
Plaintiff-Appellee,

v.

Elouise COLVIN, Defendant-Appellant.

No. 79–5198.

United States Court of Appeals,
Fifth Circuit.

March 17, 1980.

Robert E. Hedicke, El Paso, Tex. (Court-appointed), for defendant-appellant.

Le Roy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, FRANK M. JOHNSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Appellant, Elouise Colvin, seeks review of her conviction for the second degree murder of her infant daughter. Holding that evidence of other injuries was properly admitted, we affirm.

On October 4, 1977, Bobbie Shanae Colvin, defendant's fourteen month old daughter, was hospitalized with massive head injuries resulting in the child's death one week later. Testimony indicated that her death resulted from front and back head injuries sustained after September 4, 1977. On May 3, 1978, appellant made statements

to agents of the Federal Bureau of Investigation at her home in Ft. Bliss, Texas, indicating that she had repeatedly struck her daughter's head against a tile floor approximately ten days prior to the child's death. Later that same day, similar statements were made to Army social workers at her home. At trial, the government introduced evidence of rib, clavical, and leg fractures necessitating the child's hospitalization on August 14, 1977.

The appellant claims that the trial court erred in (1) admitting evidence of oral statements given to FBI agents and Department of Army employees; (2) failing to conduct a preliminary hearing to determine the admissibility of other injury evidence; and (3) admitting evidence of injuries occurring prior to September 4, 1977.

## I

Having reviewed the record, we find appellant's oral statements to both the FBI agents and Army employees admissible under the guidelines of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and *United States v. Mueller*, 510 F.2d 1116 (5th Cir. 1975).

## II

Because this court may make an independent determination on the admissibility of extrinsic offense evidence on appeal, the district court's failure to conduct a preliminary hearing does not constitute reversible error. *United States v. Black*, 595 F.2d 1116 (5th Cir. 1979); *United States v. Trevino*, 565 F.2d 1317 (5th Cir. 1978).

## III

We recently reversed a child abuse conviction where the government failed to show that the accused was responsible for prior injuries admitted into evidence. *United States v. Brown*, 608 F.2d 551 (5th Cir. 1979). Reversal was necessary because "proof demonstrating that the defendant committed the [prior] offense," is a "predicate to a determination that the extrinsic offense is relevant." *United States v. Beechum*, 582 F.2d 898, 912–13 (5th Cir. 1978) (en banc). In this case, there was sufficient evidence before the jury for it to reasonably conclude that the appellant was responsible for injuries occurring prior to September 4, 1977. By her own admission, she had exclusive control of the child at the time the prior injuries occurred. According to expert medical testimony, her own explanation, that the child's leg was accidentally lodged between a bed mattress and footboard, was inconsistent with the multiple fractures sustained in August, 1977. We find that the government offered sufficient proof linking the appellant to the prior injuries to meet the threshold test for admission of other crimes, wrongs, or acts under *Beechum*. Evidence of prior injuries showing a "pattern of abuse" was admitted to prove the malice aforethought required to support a conviction for second degree murder. The evidence was concededly critical in establishing intent. Finding that the extrinsic offense evidence was relevant to the issue of intent and that its probative value outweighed the danger of any prejudicial effect, we hold it admissible under Fed.R. Evid. 403, 404(b); *United States v. Beechum*, 582 F.2d at 914; *see, United States v. McMahon*, 592 F.2d 871 (5th Cir. 1979); *United States v. Barnes*, 586 F.2d 1052 (5th Cir. 1978).

The conviction and sentence are AFFIRMED.