GOVERNMENT OF the CANAL ZONE,
Plaintiff-Appellee,

v.

Robert James THRUSH,
Defendant-Appellant.

No. 79–5423.

United States Court of Appeals,
Fifth Circuit.

April 30, 1980.

Paul H. Holmes, James K. Dukes, Katie S. Matison, Hattiesburg, Miss., for defendant-appellant.

Frank J. Violanti, U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before TUTTLE, AINSWORTH and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal from the United States District Court for the Canal Zone by Robert James Thrush from his conviction for perjury in violation of Title 6, C.Z.C. § 1862. The indictment charges that while testifying as a witness in a criminal case in the Canal Zone entitled *"Government of the Canal Zone v. Dorothy Gartlan and Norma Clotilde Thrush G. (Garces),"* defendant Robert James Thrush willfully and intentionally falsely stated that he had known the said Dorothy Gartlan for four months though in fact he had known her for at least two years.

Appellant Thrush assigns several errors in the trial below, the most important of which is that the district court improperly allowed in evidence a Bill of Information previously filed against Thrush by the Government which charged him with engaging in a conspiracy with his wife and other individuals in violation of Title 16, C.Z.C. §§ 4012 & 4013. The Information was later dismissed on motion of the Government and prior to this trial for perjury.

The facts disclose that appellant Thrush was a witness in a criminal case against Dorothy Gartlan and his wife Norma. At the time he testified Thrush was charged in the Bill of Information above referred to with the same offense as Gartlan and Norma Thrush. The Government proved that Thrush made a statement under oath in the U. S. Attorney's office that he had known Mrs. Gartlan about a couple of years whereas, at the trial of Dorothy Gartlan and his wife, he testified that he had known her only "about four to five months, since this trial started" and did not know her before the events of this trial.

The Government states that the Bill of Information charging appellant Thrush with conspiracy was properly introduced in evidence pursuant to Rule 404(b) of the Federal Rules of Evidence, to show "motive, intent, knowledge, plan and scheme." The charge against appellant's wife and Dorothy Gartlan pertained to conspiracy to defraud the Corozal Main Exchange, a government agency, and the Bill of Information introduced against appellant Thrush likewise charged conspiracy to defraud the Corozal Main Exchange. Thus, the Government argues that appellant Thrush was motivated to testify falsely about his past relationship with Dorothy Gartlan because his testimony would impeach other government witnesses. These witnesses had testified that they saw appellant and Mrs. Gartlan in prior years engaging in conversation and saw appellant obtain a package at the Post

Exchange which had been placed there by Dorothy Gartlan at a time prior to the time appellant Thrush said he had known Dorothy Gartlan.

The trial judge gave a cautionary instruction at the time the Bill of Information was admitted in evidence limiting its use to show "the state of the defendant's mind, motive or intent or knowledge." We find no error in the admission of the Bill of Information because the evidence was relevant to the issue of intent and its probative value outweighed the danger of any prejudicial effect. It thus conformed to the principles enunciated in our recent landmark decision in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (*en banc*), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). *See also United States v. Jimenez*, 613 F.2d 1373 (5th Cir. 1980), and *United States v. Colvin*, 614 F.2d 44 (5th Cir. 1980).

■ Appellant also asserts that the evidence is insufficient to support the verdict. However, the record shows that the Government clearly proved that Thrush was guilty of the offense of perjury. Thrush's interview in the U. S. Attorney's office was taped and discloses that he stated under oath that he had known Mrs. Gartlan for two years whereas his sworn testimony in the trial of Dorothy Gartlan and his wife was that he had only known her four or five months and not prior to the trial. The importance of the difference in time which Thrush had known Dorothy Gartlan has already been stated. Appellant's testimony was in direct contradiction to the government witnesses who had testified they had seen him have direct dealings with Dorothy Gartlan at a time long prior to the trial referred to. His testimony was overtly intended to discredit these witnesses. The evidence was therefore sufficient to justify the jury's guilty verdict.

■ We have also reviewed appellant's contention that the district court should have transferred the trial to another division because of prejudicial pretrial publicity, but we find no merit to this contention. There were several newspaper articles about appellant's case appearing at the time of trial, but these articles do not exhibit prejudice of such nature as to require a change of venue. They appeared more biased in appellant's favor than the Government's. There appeared to be only "negligible distribution" of the paper in the Canal Zone. As the Government points out in its brief, "if an impartial jury could not be selected that fact would have become evident at the *voir dire*," citing *United States v. Muncy*, 526 F.2d 1261, 1263 (5th Cir. 1976).

■ Appellant also assigns as error certain portions of the trial judge's instructions to the jury. These were concerned with the question which was central to the perjury charge in this case, that is, "How long have you known Dorothy Gartlan?" The key word in the question is "know" and in order that the jury be properly informed in this regard, the court charged the following, in pertinent part:

> You have earlier heard testimony and had argument made to you today by both counsel for the prosecution and the defendant as to the intent and meaning of the questions asked the defendant on direct examination by Mr. Joyce during the Gartlan and Thrush trial. Where a question and answer may have more than one meaning standing alone, the intended meaning is a matter for the jury to determine from their context and other indicants by the witness's intent in giving the answer. Words clear on their face are to be understood in their common sense and usage unless it is clear in the context in which they are used that a different sense or usage was intended.

(R. Vol. VI, 514–15)

In this connection the court also charged the jury that:

> If you should determine that Robert James Thrush did falsely testify, but such testimony was the result of an innocent mistake, or an inadvertent omission, then you must find him not guilty.

(R. Vol. VI, 517)

Appellant is critical of the use by the district court of the language "[w]ords clear

on their face are to be understood in their common sense and usage . . . .," and asserts that the instruction as to innocent mistake and inadvertence is confusing. We cannot agree that these instructions were erroneous, for, in our view, they were eminently fair and proper. The substance of these portions of the charge are derived from Judge Rubin's opinion in *United States v. Crippen*, 570 F.2d 535, 537–38 (5th Cir. 1978), with which we fully concur. There is, therefore, no merit to this assignment of error.

Under the circumstances the judgment appealed from must be affirmed.

AFFIRMED.