**UNITED STATES of America, Plaintiff,**

v.

**Robert S. LIUZZO, Defendant.**

**No. 84–6104 CR–Paine.**

United States District Court,
S.D. Florida.

May 14, 1985.

Robert J. Lehner, Dept. of Justice, Miami, Fla., for the Government.

Alan S. Ross, Miami, Fla., for defendant Liuzzo.

## ORDER

PAINE, District Judge.

This cause is before the Court on the Government's notice of its intent to seek the introduction of certain 404(b) evidence in the trial of the Defendant on Count 19, and upon Defendant's motion to dismiss. Various replies and responses to replies have been submitted relative to each of these motions and the Court has considered each, in detail, in forming the ruling below.

Initially, the Court will announce its ruling denying the motion to dismiss the indictment. That motion is bottomed on the theory that the continued prosecution on Count 19 is, in essence, Governmental misconduct in light of the jury verdict acquitting Liuzzo as to Counts 1 through 7. That contention is wholly without merit.

The Government has announced its intention to introduce three incidents of what it contends are "similar acts" evidence relative to the Defendant's intent to commit the crime charged in Count 19 of the indictment. It should be noted at the outset that Count 19 charges the Defendant with a conspiracy violation. 18 U.S.C. § 371. It was the alleged purpose of this conspiracy to obstruct justice by attempting to make false charges against Sgt. Andrew Grieco, one of the officers investigating the charges which resulted in the instant indictment. Specifically, the Government charges that Liuzzo conspired to coerce a witness, Liberetta Bruno, to falsely accuse Grieco of the use and distribution of marijuana. The defense to these charges will apparently be that the accusations were true and that they were brought to light not for the purposes of obstructing and discrediting the grand jury investigation, but rather for the purpose of bringing the criminal conduct of a law enforcement officer to light. "The intent to which the government will urge the jury is the intent to obstruct, impede, and influence the due administration of justice." (Government's subrejoinder, filed April 10, 1985).

Specifically, the Government seeks to introduce the following alleged transactions:

1. That from on or about the end of 1977 to the beginning of 1978 Liuzzo accepted $20,000.00 from Harry Hill in return for providing protection and information relative to Hill's narcotic smuggling ring.

2. That in or about January 1978 Liuzzo accepted $27,000.00 from Lester Grochowski in return for Liuzzo's promise to obtain the release of an airplane and fingerprints of one of Grochowski's compatriots involved in a drug smuggling operation.

3. That in November, 1980 Liuzzo provided information to one Al Palange relative to an ongoing investigation of Palange's drug smuggling activities by the Pompano Beach Police Department and the DEA.

The Government asserts that these acts are probative of the Defendant's intent to obstruct justice as alleged in Count 19 of the instant indictment. The theory is that the acceptance of these bribes shows that Liuzzo previously had an intent to obstruct justice. This Court cannot agree that the acts sought to be introduced are similar enough to the one charged in this indictment to allow their admission under rule 404(b).

To be sure, the acts sought to be introduced show some tangental intent to obstruct justice. The same intent, however,

could be found in misprison of a felon, or in aiding and abetting a felon after the commission of a crime. While it is true that the "similar acts" evidence need not be identical to the act charged in the indictment, there must be sufficient similarity to insure its probative value will outweigh the prejudice that will inevitably be suffered by the Defendant by its introduction. *U.S. v. Trevino*, 565 F.2d 1317 (5th Cir.1978).

 An analogy can be drawn to situations where a party attempts to seek introduction of prior crimes under F.R.Evid. 609(a) dealing with the introduction of convictions involving dishonesty or false statement, regardless of the punishment. Taken to its extreme the term "dishonesty" could be construed to include *any* crime, as a criminal act is the antithesis of the acts of an "honest" person. In other words, Jean Valjean's act of stealing a loaf of bread should not be used in a subsequent trial for pickpocketing. Although "dishonest", the stealing of the bread does not fall within the realm of a crime dealing with dishonesty of the purposes of F.R.Evid. 404(b).

Similarly, although taken in its extreme the act of accepting a bribe could be construed to be the "obstruction of justice", it can hardly be said that the act of taking a bribe and the alleged attempt to influence a grand jury witness are similar. Certainly, both may be said to "obstruct justice", but if that theory were accepted, virtually every crime which seeks to violate our criminal laws would be an instance of "obstruction of justice". If Liuzzo is guilty of the similar acts sought to be introduced, the Government, or in this instance the State, should charge him with bribery under the appropriate statute. To allow the introduction of these alleged acts in the trial of Count 19 of this indictment risks the sever prejudice against the Defendant in order to allow the Government to argue a tenuous theory of intent. Accordingly, it is

ORDERED and ADJUDGED that the Defendant's motion to dismiss Count 19 of the indictment is denied. It is further,

ORDERED and ADJUDGED that the Government's motion to allow the introduction of 404(b) evidence is denied.