UNITED STATES of America, Plaintiff–Appellee,

v.

Ronald Stephen SNEEZER, Defendant–Appellant.

No. 91–10457.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 17, 1992.

Decided Dec. 30, 1992.

Eugene A. Burdick, Mesa, AZ, for defendant-appellant.

Mary H. Murguia, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee.

Before: WIGGINS, O'SCANNLAIN, FERNANDEZ, Circuit Judges.

PER CURIAM:

### OVERVIEW

Ronald Sneezer appeals his conviction and sentence for two counts of aggravated sexual abuse and one count of kidnapping. Sneezer claims that the district court erred in refusing proposed jury instructions on voluntary intoxication and sexual abuse as a lesser included offense of aggravated sexual abuse. He also claims that the district court improperly admitted evidence of a prior offense. Finally, he claims that the district court incorrectly found each of the two counts of aggravated sexual abuse to be a separate unit for sentencing purposes. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction but vacate the sentence.

### STATEMENT OF FACTS

Ronald Sneezer picked up two hitchhikers, Jane Doe and her boyfriend, Dennis Johns, who were travelling from Tuba City, Arizona, to Gap, Arizona. After picking up a friend at a gas station, Sneezer drove

westbound on Highway 160 from Tuba City. He stopped at the junction of Highways 89 and 160 and drank several beers. All the men got out of the car to go to the bathroom, and Sneezer jumped back into the car and drove off with Jane Doe in the backseat. After driving west on Highway 160 for a little while, Sneezer pulled off on a dirt road. The victim started crying and asked Sneezer to return to where he left the others. Sneezer ignored her and parked in an isolated location on the Navajo Indian Reservation. He locked the doors and climbed into the backseat with Doe. Sneezer told her to undress because he was going to get her pregnant. She told him that she had a boyfriend, but Sneezer said that did not matter to him.

After she removed her clothing, Sneezer removed his and climbed on top of her. He was unable to insert his penis. He then pulled her out of the car and made her lay on the ground where he had sexual intercourse with her. He then forced her to lay on the hood of the car where he again had sexual intercourse with her. Although Sneezer attempted to get her back into the car, the victim broke away and began to run. Sneezer chased her, yelling that he was going to kill her and her boyfriend. She ran naked to Highway 89, where a motorist picked her up. Sneezer was convicted of two counts of aggravated sexual assault and one count of kidnapping.

## DISCUSSION

I. *The District Court Did not Err in Refusing to Give an Intoxication Defense Instruction.*

Sneezer first claims that the district court erred in refusing his proposed jury instruction on intoxication as a defense to the kidnapping charge. The proper standard of review of a district court's denial of a proposed jury instruction is unclear in this circuit. *United States v. Streit,* 962 F.2d 894, 897 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 431, 121 L.Ed.2d 352 (1992). In *Streit,* this court stated that the

two possible standards are de novo and abuse of discretion. The panel found it unnecessary to resolve which was the appropriate standard because the result would be the same under either standard. *Id.* Similarly, we need not resolve this issue because Sneezer is not entitled to the intoxication instruction under either standard of review.

"Voluntary intoxication may be a defense to a specific intent crime, but not a general intent crime." *United States v. Sneezer,* 900 F.2d 177, 179 (9th Cir.1990).[1] Although no Ninth Circuit case has so held, kidnapping under 18 U.S.C. § 1201(a)(2) appears to be a general intent crime. Subsection 1201(a)(1), which makes kidnapping a federal crime when the victim is transported in interstate commerce, includes the word "willfully." In contrast, the relevant subsection in this case, subsection (a)(2), which makes kidnapping a federal crime when committed "within the special maritime and territorial jurisdiction of the United States" (the Reservation in this case), contains no such language. Because there is no language in § 1201(a)(2) that requires specific intent, the prosecution need not prove that the defendant committed the kidnapping for any particular purpose.

Some cases in this and other circuits have stated that § 1201(a) includes "knowing and willful" kidnapping as an element. *See United States v. Phillips,* 640 F.2d 87, 95 (9th Cir.), *cert. denied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851 (1981); *United States v. Crosby,* 713 F.2d 1066, 1070 (5th Cir.), *cert. denied,* 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983); *Hattaway v. United States,* 399 F.2d 431, 433 (5th Cir. 1968). However, these cases are inapposite because they were based on interpretations of an earlier version of § 1201(a). In 1972, the statute was amended to remove the word "knowingly" from the statute and to make subsections (1) and (2) two separate bases for making kidnapping a federal crime, with the word "willful" appearing only in subsection (1).[2] We believe that the

---

1. That case involved the very same Sneezer who is the defendant in this case.

2. Before the 1972 amendment, § 1201(a) read as follows:

removal of the word knowingly and the placement of "willfully" only in subsection (a)(1) indicates that Congress intended subsection (a)(2) to be a general intent crime. The cases that refer to § 1201(a) as a specific intent crime do not address the fact that the statute has changed.

■ Because we find that kidnapping is a general intent crime, we conclude that the district court did not err in refusing Sneezer's requested intoxication instruction.

II. *The District Court did not Err in Refusing to Give a Lesser Included Offense Instruction.*

Sneezer next claims that the district court erred in refusing to give an instruction that sexual abuse is a lesser included offense of aggravated sexual abuse. Again, the standard of review is not clear. *See United States v. Sitton*, 968 F.2d 947, 959 (9th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 478, 121 L.Ed.2d 384 (1992) (stating that the two possible standards of review are de novo and abuse of discretion). However, we do not need to decide what standard is appropriate because, even under the less deferential de novo standard,

the district court did not err in refusing the instruction.

■ A defendant is entitled to a lesser included offense instruction when the elements of the lesser offense are a subset of the charged offense and a factual basis supports the instruction. *United States v. Walker*, 915 F.2d 480, 486 (9th Cir.1990). In determining whether a lesser offense is a subset of the greater, the comparison does not depend upon the facts of the particular case. Rather, the elements of each crime must be compared using the text of the statutes involved without regard to the "inferences that may be drawn from evidence introduced at trial." *Schmuck v. United States*, 489 U.S. 705, 720, 109 S.Ct. 1443, 1452, 103 L.Ed.2d 734 (1989). A textual comparison of 18 U.S.C. §§ 2241(a) and 2242(1) indicates that § 2242(1) is not a subset of § 2241(a).

■ Aggravated sexual abuse, § 2241(a), requires force or fear of kidnapping, serious bodily injury, or death.[3] Sexual abuse, § 2242(1), does not require fear of kidnapping, serious bodily injury, or death. Instead, § 2242(1) requires any other type of fear.[4] Because these crimes deal with distinct types of fear, sexual abuse is not a subset of aggravated sexual abuse. Thus,

---

Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed.

18 U.S.C.S. § 1201(a) (history) (Lawyer's Co-op. 1992). After the amendment, § 1201(a) reads as follows:

Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when: (1) the person is willfully transported in interstate or foreign commerce; [or] (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States; ....

18 U.S.C.S. § 1201(a) (Lawyer's Co-op. 1992).

3. Section 2241(a) defines aggravated sexual abuse by force or threat as:

(a) *By force or threat.* Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly causes another person to engage in a sexual act—

(1) by using force against that other person; or

(2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

4. Section 2242(1) defines sexual abuse as:

Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly—

(1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping); ...

....

the district court did not err in refusing Sneezer a lesser included offense instruction.

### III. *The District Court did not Err in Admitting Evidence of a Prior Bad Act.*

Sneezer next claims that the district court erred in admitting evidence of a prior sexual assault he committed. The trial court's decision to admit evidence under Federal Rule of Evidence 404(b) is reviewed for an abuse of discretion. *United States v. Conners*, 825 F.2d 1384, 1390 (9th Cir.1987).

■ This court regards Rule 404(b) as an inclusionary rule—"evidence of other crimes is inadmissible under this rule only when it proves nothing but the defendant's criminal propensities." *United States v. Diggs*, 649 F.2d 731, 737 (9th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981). Under the rule, relevant evidence of other crimes is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. *Id.* To admit evidence for one of the permissible purposes, (1) there must be sufficient proof for the jury to find that the defendant committed the prior act; (2) the prior act must not be too remote in time; (3) if used to prove intent, the prior offense must be similar to the charged offense; (4) the prior act must be introduced to prove a material issue; and (5) the probative value must outweigh any prejudice. *United States v. Ross*, 886 F.2d 264, 267 (9th Cir.1989), *cert. denied*, 494 U.S. 1083, 110 S.Ct. 1818, 108 L.Ed.2d 947 (1990).

■ The government offered evidence of a 1987 rape to show motive, intent, plan, knowledge and identity. The 1987 incident is nearly identical to Sneezer's actions in this case. In the prior incident, he snatched a woman off of the main highway on the Navajo Indian Reservation on which she was walking and forced her into his vehicle from a highway. He drove her to a secluded place a couple of miles down the road, pulled her out of the car and onto the ground, removed both their clothes, laid on top of her, and tried to rape her.[5] Even though the previous case was eventually reversed on appeal, there was sufficient evidence for a jury to find that he had committed the offense. This court reversed his conviction because the judge had refused to give a jury instruction on involuntary intoxication.[6] The fact that he was arrested, charged and convicted by a jury shows there was sufficient evidence for the jury in this case to find that he had committed the prior offense. *See United States v. Black*, 595 F.2d 1116 (5th Cir.1979) (evidence of prior arrests admissible) and *United States v. Juarez*, 561 F.2d 65 (7th Cir. 1977) (evidence of charges later dismissed admissible).

The prior offense was not remote in time; it occurred only three years before the charged offense. Further, the prior offense was offered to prove a material and permissible element of the case against Sneezer—to show intent and a plan. Finally, the prejudicial value of the prior offense did not outweigh its probative value. The judge provided limiting instructions before the testimony and at the end of the trial. In his consideration of the motion to admit the evidence, the district court determined that any prejudice was outweighed by the use of the evidence to show motive, intent, and the fact of a plan. We conclude that he did not abuse his discretion in so finding.

### IV. *The District Court Improperly Treated the Two Counts as Separate Units for Sentencing.*

■ The counts of aggravated sexual assault should have been grouped together.

---

5. In the 1987 incident, Sneezer did not actually achieve sexual intercourse. After he laid on top of her, the victim told him she had to go to the bathroom. When he got off of her, she ran away. She saw a police car on the main road and reported the incident. When the police officer arrived at the scene of the attempted rape, he found Sneezer naked.

6. He was entitled to that instruction because the crime he was charged with was attempted sexual abuse, a specific intent crime. *Sneezer*, 900 F.2d at 179–80. Had he actually succeeded in raping the victim, the instruction would have been unnecessary.

Sneezer raped his unfortunate victim twice. First, he dragged her out of his vehicle and raped her on the ground. Immediately thereafter he made her move to the hood where he raped her again.

Under Sentencing Guideline Section 3D1.2(b), counts should be grouped together when they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." In that instance, they are said to involve "substantially the same harm." U.S.S.G. § 3D1.2. It is true that the "same harm" language of the Guideline itself results in some ambiguity because being raped twice, like being shot or stabbed twice, is certainly two harms in the concrete, if not the legal, sense. However, we cannot read those words and consider this problem in a vacuum. We must also consider the commentary, and construe the Guideline and the commentary to be consistent, if possible. *See United States v. Anderson*, 942 F.2d 606, 612–13 (9th Cir.1991) (en banc). When we do that in this case, the ambiguity is removed.

The commentary to section 3D1.2 states that "[e]ven if counts involve a single victim, the decision as to whether to group them together may not always be clear cut." U.S.S.G. § 3D1.2, comment. (backg'd). The decision of whether to group independent offenses under the Guidelines turns on timing: "For example, how contemporaneous must two assaults on the same victim be in order to warrant grouping together as constituting a single transaction or occurrence?" *Id.*

The examples provided in the commentary to section 3D1.2 highlight this timing distinction. Two counts of rape for raping the same person on different days are not grouped. *Id.*, comment. (n. 4). Similarly, two counts of assault on a federal officer for shooting at the officer on two separate days are not grouped. *Id.*, comment. (n. 3). However, two counts of assault on a federal officer for shooting at the same officer twice while attempting to prevent apprehension as part of a single criminal episode are grouped together. *Id.*

The rapes in this case were separated by only a few minutes. These offenses are more analogous to the example of shooting the officer twice during a single criminal episode, rather than the example of raping the same victim on two different days. The two rapes were contemporaneous sexual assaults on the same victim. Thus, the Guidelines dictate that the two counts of aggravated sexual abuse should have been grouped. Were it otherwise, timing would be entirely beside the point when it comes to sexual, but not other assaultive, offenses. That is not the scheme set forth in the Guidelines.

We do not, however, agree with Judge O'Scannlain that the mere fact that these attacks were in pursuit of Sneezer's uniform objective and plan to abuse his victim is enough to require grouping. While the Guideline could be read in that fashion, the result would be that had Sneezer kept his victim for days and raped her repeatedly over that period, his offenses would have to be grouped. Again, the commentary's emphasis on time persuades us against that reading of the Guidelines.

Given the exceeding heinousness of this kind of offense, there is good reason to amend the Guidelines to avoid giving defendants a "free rape" and to avoid forcing judges to go through the repulsive and dispiriting task of making timing distinctions in this area. California, for example, has decided that each act is a separate and distinct offense, separately punishable, regardless of the timing. *People v. Harrison*, 48 Cal.3d 321, 256 Cal.Rptr. 401, 768 P.2d 1078 (1989). We commend that approach to the Commission.

However, as the Guidelines now stand we can see no principled way to remove the type of crime involved in this case from the operation of the timing considerations explicated by the Commission. Thus, Sneezer's sentence must be vacated.

### CONCLUSION

Accordingly, Sneezer's conviction is AFFIRMED. His sentence is VACATED and REMANDED.

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:

I concur in the remand for resentencing, but dissent from the affirmance of admissibility of the prior attempted rape incident.

### I

While I agree we must remand for resentencing because the district court erroneously concluded that the two counts of aggravated sexual abuse should not be grouped together, I write separately because I cannot subscribe to my colleagues' reasoning.

Whether the two counts of aggravated sexual abuse should be grouped together under section 3D1.2(b) of the Sentencing Guidelines is a difficult question to resolve. The Guidelines recognize that "even if counts involve a single victim, the decision as to whether to group them together may not always be clear cut." U.S.S.G. § 3D1.2 at commentary (background). We are advised that "[i]n interpreting this Part and resolving ambiguities, the court should look to the underlying policy of this Part." *Id.* That policy is that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2.

I recognize that there is a certain artificiality inherent in a judicial inquiry into whether two counts of aggravated sexual abuse form the same harm to the victim, but just such an inquiry is demanded by the Guidelines. The inquiry must begin, as always, with the explicit language of the Guidelines. Section 3D1.2(b) states that "[c]ounts involve substantially the same harm within the meaning of this rule ... when [they] involve the same victim and two or more acts or transactions connected by a common criminal objective...." *Id.* Accordingly, the proper inquiry is whether the two counts of aggravated sexual abuse were connected by a common criminal objective.

Remarkably, the Guidelines clearly envision circumstances under which two or more rapes will be grouped together for sentencing purposes. To illustrate, the examples provided in the commentary to section 3D1.2 state that two counts of assault on a federal officer for shooting at the same officer twice while attempting to prevent apprehension as part of a single criminal episode are to be grouped. *Id.* at commentary (note 3, example 4). In contrast, two counts of rape for raping the same person on different days *are not* to be grouped together. *Id.* (note 4, example 5). There must be circumstances, therefore, in which two counts of rape for raping the same person *are* to be grouped together.

The commentary to section 3D1.2 suggests that it is useful to ask how contemporaneous were two assaults in order to determine whether there was one composite harm. Placing too great an emphasis on elapsed time, however, obscures the proper inquiry under section 3D1.2(b). That inquiry is whether the counts are "part of a single course of criminal conduct with a single criminal objective and represent essentially one composite harm." *Id.* (note 4). If so, the counts must be grouped.

In this case, Sneezer abducted the victim, drove to an isolated area, and parked. After unsuccessfully attempting rape inside the car he forced the victim outside, ordered her to lie on the ground, and began having sexual intercourse. After she complained about being cold and about the rocky surface, he gave her his shirt. He then had the victim lie on the hood of the car where he continued to have sexual intercourse with her. The victim again complained about being cold and the defendant told her to get into the car. As they were getting into the car, she escaped. Under these facts, I conclude that the two counts of aggravated sexual abuse form part of a single course of conduct with a common criminal objective—rape—and represent essentially the same harm.[1]

1. The majority offers a *reductio ad absurdum* by urging that multiple rapes over several days might be grouped if the defendant had a uniform objective and plan to "abuse" his victim.

The commentary itself lays such concern to rest. The problem is that "elapsed time" between events is not dispositive and such a test is useless to apply. Moreover, in a case like this, not

## II

The majority holds that evidence of a rape three years prior to this incident was admissible under Rule 404(b). I fail to see any other purpose for the introduction of the five-year-old attempted rape charge than to demonstrate that the defendant acted in conformity with that prior bad act on this occasion. Therefore, I respectfully dissent.

I agree that Rule 404(b) is inclusionary. That is, evidence of prior crimes is not excluded unless its sole purpose is to "prove the character of a person to show action in conformity therewith." Fed. R.Evid. 404(b); *accord United States v. Diggs*, 649 F.2d 731, 737 (9th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981). Under the law of this circuit, however, evidence of a prior bad act can only be introduced to prove a material issue, or essential element, of the crime. *United States v. Ross*, 886 F.2d 264, 267 (9th Cir.1989); *United States v. Houser*, 929 F.2d 1369, 1373 (9th Cir.1990).

The majority has failed to identify convincingly what material elements of the crime this evidence goes to prove. The trial court expressly held that knowledge and identity were not issues in dispute. The majority contends that the fact that Sneezer had previously been arrested and charged with attempted rape shows "motive, intent and the fact of a plan." Opinion at 924. Those words, however, are not talismanic, the mere utterance of which enables the prosecution to introduce evidence of a prior crime. I am forced to conclude that the sole purpose for the introduction of this evidence was to show conformity with a prior bad act.

Intent was not a disputed issue in this case. Neither crime charged is a specific intent crime. In fact, the trial court refused to instruct the jury on voluntary intoxication because it held that kidnapping under 18 U.S.C. § 1201(a)(2) is a general intent crime, a conclusion this court affirms. In light of that, the majority cannot now validly hold that the defense made intent a material issue in this case. The evidence cannot be admissible to show intent. *Cf. United States v. Hadley*, 918 F.2d 848, 851 (9th Cir.1990) (evidence of prior sexual abuse relevant to material element because government had to demonstrate specific intent); *United States v. Bradshaw*, 690 F.2d 704, 709 (9th Cir.1982), *cert. denied*, 463 U.S. 1210, 103 S.Ct. 3543, 77 L.Ed.2d 1392 (1983) (in kidnapping case, evidence of prior sexual relations and drug use relevant to issue of consent, "the defendant's chief defense at trial").

Moreover, if admissible to prove intent, the prior crime must necessarily be similar to the charged offense. *Ross*, 886 F.2d at 267. The majority asserts that the prior incident was "nearly identical" to this incident. Opinion at 924. I am troubled by the vagueness of the characteristics listed in support of that assertion. For example, that Sneezer, "took off his clothes and hers, [and] laid on [each woman]" is hardly persuasive of such similarity as to be admissible here.

The lack of distinct similarities between the two incidents also undercuts the notion that they show a plan. True, the earlier incident also took place on the Navajo Reservation and involved abduction and transport by car to a remote area. But, no common scheme united these two crimes nor was there evidence they were part of an ongoing conspiracy. *See United States v. Powell*, 587 F.2d 443, 448 (9th Cir.1978). The earlier attempted rape charge was not connected in any way with the crimes charged here and, therefore, cannot be admitted under the "plan" exception to Rule 404(b).

only is the timing inquiry "repulsive and dispiriting," but it asks the court to draw lines where there is no principled basis upon which to do so. My colleagues group these rapes because they were separated by only "a few minutes." Where in the Guidelines or commentary can we find whether a few more minutes should mat-

ter? Is a fifteen minute separation between counts sufficient not to group them? An hour? Two hours separated by lunch? I suggest that the better view is that timing is merely one factor which helps us determine whether the counts involved substantially the same harm.

"Motive" provides no better basis for introducing this evidence. Specific motive is not an element of either of the offenses charged. I do not see, and the majority has not explained, how motive is relevant to a disputed material issue in this particular case. *See United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir.1989). Evidence of motive is therefore inadmissible. Moreover, at least in relation to the aggravated sexual abuse charges, I do not see how evidence of an attempted rape five years before the trial would tell us anything about Sneezer's motive in this case.

Because I am persuaded that it was an abuse of discretion to admit the evidence, I conclude that Sneezer's convictions must be reversed unless its introduction was harmless error. *Id.* at 1016. The very purpose of Rule 404 is to exclude the inference that because the defendant had attempted rape before he is guilty of rape now. This particular type of bad character evidence is so prejudicial, and so likely to infect the jury, that I cannot conclude that its admission was harmless.