12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hassan Ibrahim SERHAN, a/k/a Mustapha-Mustapha Ibrahim,
a/k/a Sami Abdul Mahfouz, Defendant-Appellant.
 No. 93-50096.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 30, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hassan Ibrahim Serhan appeals his conviction and 150-month sentence imposed following a jury trial for importation and possession with intent to distribute heroin in violation of 21 U.S.C. Secs. 841(a)(1), 952(a), 960(a)(1). Serhan contends the district court erred by admitting pursuant to Fed.R.Evid. 404(b) evidence of a prior conviction for a currency export violation. Serhan also contends the district court applied the wrong legal standard when denying him a requested downward departure from his United States Sentencing Guidelines range based upon an incomplete duress defense argument. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Prior Bad Acts
 
 
 4
 Serhan contends the district court abused its discretion when it admitted evidence of his prior conviction because (1) the government failed to establish that the prior bad conduct was similar to the offense charged and (2) admission of the evidence was more prejudicial than probative. This contention lacks merit.
 
 
 5
 We review for abuse of discretion a district court's decision to admit evidence of prior bad conduct pursuant to Rule 404(b). United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). We review de novo whether the evidence falls within the scope of Rule 404(b). Id.
 
 
 6
 Rule 404(b) is an inclusionary rule, and evidence is admissible under it unless " 'it proves nothing but the defendant's criminal propensities.' " United States v. Sneezer, 983 F.2d 920, 924 (9th Cir.1992), cert. denied, 114 S.Ct. 113 (1993). Relevant evidence of other bad acts, including crimes, is admissible under Rule 404(b) to prove intent. Id.; United States v. Boise, 916 F.2d 497, 501 (9th Cir.1990), cert. denied, 111 S.Ct. 2057 (1991). "Before the prosecution may use such evidence against a defendant, however, it must establish that the evidence is probative of a material issue in the case, and that sufficient evidence exists for the jury to find that the defendant committed the other acts." United States v. Ramirez-Jiminez, 967 F.2d 1321, 1325 (9th Cir.1992). Intent is an element of possession with intent to distribute heroin, 21 U.S.C. Sec. 841(a), and thus intent was a material issue in this case. "[I]f used to prove intent, the prior offense must be similar to the charged offense." Sneezer, 983 F.2d at 924.
 
 
 7
 In order to counter Serhan's defense that he only participated in the instant drug offense due to duress, the government introduced evidence that Serhan had previously been involved with importation of narcotics into the United States and sale of narcotics. The evidence in support of this alleged prior bad act consisted of a five-year-old conviction for failure to report export of monetary instruments in violation of 31 U.S.C. Sec. 5316, combined with other evidence that indicated Serhan had just completed a scheme to import and sell narcotics in the United States at the time he was arrested for the currency violation.[1]
 
 
 8
 It is well-established that "a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to [the] issue[ ] of intent ... in prosecutions for possession of, importation of, and intent to distribute narcotics." See, e.g., United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990); United States v. Mehrmansh, 689 F.2d 822, 830 (9th Cir.1982). The evidence of Serhan's prior conviction and the related events tended to show Serhan had previously engaged in drug trafficking. See Houser, 929 F.2d at 1373. Furthermore, because the district gave a proper limiting instruction regarding the purpose for which the prior bad acts evidence was admitted, we find that the prejudicial effect of this evidence did not outweigh its probative value. See id. Accordingly, the district court did not abuse its discretion by admitting evidence of Serhan's prior conviction. See id.
 
 II
 Sentencing Error
 
 9
 Serhan also contends the district court erred at sentencing by failing to recognize it had discretion to depart downward from his applicable United States Sentencing Guidelines sentencing range based upon Serhan's incomplete duress defense argument. This argument lacks merit.
 
 
 10
 Although a district court's legal determination that it lacked authority to depart downward from the Guidelines is reviewable on appeal, its discretionary refusal to depart is not reviewable. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 11
 Serhan claims the district court concluded it could not depart on the basis of Serhan's alleged incomplete duress because the jury had rejected his duress defense to the crime itself. The record simply does not support this interpretation of events. The district court stated at sentencing that based upon the parties' arguments at sentencing and the evidence adduced at trial, particularly government cross-examination that "tore apart that particular defense claim," it could not justify a downward departure under the circumstances of this case. This was clearly an exercise of the district court's discretionary power not to depart downward and we have no jurisdiction on appeal to review that decision. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government introduced evidence that in 1987 Serhan had entered the country by air from Beirut along with two other men, one of whom was detained by United States Customs agents on suspicion of carrying heroin. When Serhan attempted to leave the country several days later, an airline employee who noticed that Serhan and his companion were travelling without luggage brought the two to the attention of Customs Inspectors. Both Serhan and his companion denied carrying more than $10,000 in currency. A search revealed that Serhan was in possession of $10,135, and his companion was found to be in possession of $15,237. A narcotics dog alerted to the presence of either heroin or cocaine on the money taken from Serhan and his companion. The positive dog sniff indicated the money had recently been in contact with one or both of these drugs. A search of Serhan's luggage revealed a fragment of a balloon consistent with the conclusion that Serhan had been concealing narcotics in balloons secreted within his body