38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel SAVAGE, Brian Keith Pitchford, and Cheryl Leticia
Bly, Defendants-Appellants.
 Nos. 92-10356, 92-10457 and 92-10459.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1994.
Decided Oct. 18, 1994.
 
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN,* District Judge.
 MEMORANDUM**
 The defendants appeal their jury convictions and sentences for conspiracy to commit wire fraud and for wire fraud and money laundering in violation of 18 U.S.C. Secs. 371, 1341, 1343, and 1956(a)(1)(B)(i). Cheryl Leticia Bly argues that there was insufficient evidence to sustain her conviction for conspiracy, that the district court's comments deprived her of a fair trial, and that the district court erred in denying her a downward adjustment for minimal participation. Brian Keith Pitchford argues that there was insufficient evidence to sustain his conviction for conspiracy, that the district court erred in denying a proposed jury instruction, that the district court failed to make specific findings regarding his involvement in the conspiracy, and that the district court lacked jurisdiction because the indictment was not returned in open court. Samuel Savage argues that the district court erroneously stated the law in its response to a jury question. Savage also joins in Pitchford's allegation that the district court lacked jurisdiction.
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm the convictions and remand to the district court for appropriate findings with respect to defendant Pitchford's sentence.
 * Pitchford and Savage argue that the district court lacked jurisdiction because the grand jury indictment was not returned in open court. Pitchford and Savage failed to object in the district court to the manner in which the indictment was returned. The failure to object before trial to a defect in the indictment constitutes waiver of the claim. Fed.R.Crim.P. 12(b)(2), (f).
 In United States v. Lennick, 18 F.3d 814, 817-18 (9th Cir.1994), we held that the district court was not deprived of jurisdiction when an indictment was handed to a court clerk rather than returned in open court, and that the error in procedure was subject to harmless error analysis.[1] Lennick a fortiori controls here. The error here, if any, was not jurisdictional, and the failure to timely object to the procedure of returning the indictment waives review.
 II
 Bly and Pitchford argue that there was insufficient evidence to sustain their convictions of conspiracy to launder money. We review to determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991).
 Evidence of even a slight connection, if proven beyond a reasonable doubt, is sufficient to convict a defendant of knowing participation in an established conspiracy. United States v. Sanchez-Mata, 925 F.2d 1166, 1167 (9th Cir.1991). Such a connection may be inferred from circumstantial evidence. Mares, 940 F.2d at 458. Although mere proximity is insufficient to establish a connection to a conspiracy, acts that otherwise appear innocent, when viewed in context, may support an inference of guilt. Id.
 * Bly argues that there was no evidence demonstrating that she had knowledge of the conspiracy or that she was party to the "agreement at the heart of this conspiracy." We disagree. There was evidence that Bly received seven checks totalling nearly $40,000 which were proceeds of the fraudulent scheme. Bly opened a checking account into which she deposited proceeds from the conspiracy. She received seven cashier's checks drawn on the fraudulent Resource Enterprises account, three of which were issued on the same day and were delivered to her from her brother Anthony Roberson, a member of the conspiracy. There was also testimony that several members of the conspiracy came to Fran's Boutique, gave cash and a cashier's check to Bly's mother, Frances Bennett, a member of the conspiracy, who then gave either the check or the cash to Bly.[2] This evidence, particularly the repeated receipt of proceeds in forms typically associated with money laundering, is sufficient to give rise to an inference that Bly had knowledge of, and some slight connection to, the conspiracy.
 Bly's testimony does little to dispel the inference of knowledge. Bly testified that she obtained the $40,000 by selling a truck (alternately referred to as a Chevrolet and as a Cherokee), motorcycles, furniture and other items she discovered in a shared storage locker after her brother died. She testified that she sold these items to an unidentified Jamaican woman and her family members who paid for the merchandise in several installments. She had no receipts or other evidence to document the sale and could not recall the sales price, other than to say that it was between $30,000 and $40,000. While the claimed sale of this merchandise may be an innocent explanation for Bly's receipt of the funds, the jury could find this explanation, taken in context with all the other evidence, implausible. Such implausibility "provides a basis for the jury to conclude that the opposite of [her] testimony is true." United States v. Stauffer, 922 F.2d 508, 515 (9th Cir.1990); United States v. Martinez, 514 F.2d 334, 341 (9th Cir.1975).
 We also reject Bly's argument that there was insufficient evidence to convict her because there was no evidence that she gave or received instructions or that she personally profited from the scheme. The government is not required to prove such facts in order to show that a defendant participated in a conspiracy. See Mares, 940 F.2d at 458.
 B
 Pitchford argues that there was insufficient evidence to convict him of conspiracy to launder money. We disagree. There was evidence that, prior to becoming involved in the Resource Enterprises scheme, Pitchford participated in a credit card scheme with Vincent Duru. This evidence tended to show that Pitchford had prior knowledge of Duru's illegitimate business techniques. There was also evidence that Pitchford opened bank accounts and mail drops and that he received and cashed checks for Duru. Pitchford enlisted Diane Redick into the scheme, telling her that Duru "worked the banks," and that she could make "easy money" by opening bank accounts and working for Duru. Redick followed these instructions, and later Pitchford and Redick worked with Duru to deposit and withdraw money representing proceeds from the Resource Enterprises scheme.
 Considering this evidence in light of expert testimony related to the existence of a money laundering scheme,[3] there was ample basis from which the jury could conclude that Pitchford was a knowing participant in the scheme.
 III
 Bly argues that statements made by the district judge in the presence of the jury deprived her of a fair trial.[4] Bly did not object to the statements at trial and did not move for a mistrial. We therefore review for plain error.[5] United States v. Sanchez-Lopez, 879 F.2d 541, 551 (9th Cir.1989).
 "A trial judge must avoid the appearance of advocacy or partiality. However, a judge is not expected to sit mute and impassive, speaking only to rule on motions or objections." Id. (citations and quotations omitted). "The judicial role extends to examining witnesses to clarify the evidence and to controlling the trial and its participants so as to minimize confusion and delay while maximizing orderly, clear, and efficient presentation of evidence." United States v. McDonald, 576 F.2d 1350, 1356 (9th Cir.), cert. denied, 439 U.S. 830 (1978).
 Although the government agrees the two comments about which Bly complains were sarcastic, they do not warrant our remand for a new trial. We will not remand for a new trial on the basis that the district judge made a few sharp, even sarcastic, remarks. Id. The district judge did not exclude evidence related to Bly's theory of defense, did not comment on Bly's credibility, and did not offer an opinion as to her guilt to the jury. The district judge instructed the jury at both the beginning and the end of the trial that they were to disregard his comments in arriving at a verdict. Such instructions obviate the potential adverse impact of the judge's remarks. Sanchez-Lopez, 879 F.2d at 553.
 IV
 Pitchford argues that the district court erred in refusing to give his proposed instruction entitled "specific intent."[6] The parties agree that the standard of review for a district court's refusal to give a proposed jury instruction is unclear. See United States v. Sneezer, 983 F.2d 920, 922 (9th Cir.1992). We need not resolve the conflict, because we conclude, applying even the higher de novo standard, that the district court did not err in refusing to present Pitchford's instruction to the jury.
 Pitchford was convicted of conspiracy to commit mail fraud, wire fraud, and money laundering. The intent element of this crime is the intent to commit the underlying offense. United States v. Bonanno, 852 F.2d 434, 440 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). The district court committed no error in refusing to instruct the jury on Pitchford's ability to form specific intent, because Pitchford was not indicted on a specific intent crime. The district court properly instructed the jury that it must find that the defendant "acted with intent to defraud." See id.
 To the extent that the proposed instruction discusses reasonable doubt, mental condition, the jury's duty to consider all of the evidence, and the defendant's lack of a duty to prove innocence, these matters were adequately addressed in other instructions provided by the district court. There was no error in refusing to give the particular instruction Pitchford proposed.
 V
 Savage argues that the district court erred in its supplemental instruction to the jury. The parties agree that the district court misstated the law by instructing the jury that, in order to convict Savage of conspiracy, it was required to find beyond a reasonable doubt that he acted with the purpose of committing mail fraud, wire fraud, and money laundering. This was error because the correct rule is that when an indictment alleges a single conspiracy with multiple objects, the jury may convict by finding a conspiracy to commit any or all of the conjunctive acts alleged. United States v. Castro, 887 F.2d 988, 993 (9th Cir.1989) (emphasis added). Nevertheless, this error inured to the benefit of Savage by prohibiting his conviction unless the jury found beyond a reasonable doubt that he acted with all three objects in mind. The misstatement of the law, to which Savage appears not to have objected, was harmless.
 VI
 Bly argues that she should have received a downward adjustment for minimal participation in the offense pursuant to U.S.S.G. Sec. 3B1.2(a). Because a defendant's role in the offense is a factual conclusion, rather than a legal one, we review the district court's determination that Bly was not a minimal participant for clear error. United States v. Hoac, 990 F.2d 1099, 1105 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994).
 She argues that her role in the offense was similar to that of a person who played no other role in the offense than to offload a single marijuana shipment, see Sec. 3B1.2 comment. (n. 2), because she did not personally profit from the $40,000 in fraudulent proceeds she deposited into her bank account.
 A defendant is not entitled to a downward adjustment "merely because he may be less culpable than his codefendants." Hoac, 990 F.2d at 1105. The district court found Bly's claim that she did not profit incredible and determined that a sentence at the bottom of the applicable range, after an adjustment for playing a minor role in the offense, adequately recognized her lesser role in the offense. The district court's finding that Bly was a minor, but not a minimal, participant was not clearly erroneous.
 VII
 Pitchford argues that the district court failed to make appropriate relevant conduct findings. The government agrees that the district court erred. See United States v. Conkins, 9 F.3d 1377, 1386-87 (9th Cir.1994); United States v. Turner, 898 F.2d 705, 713 (9th Cir.), cert. denied, 495 U.S. 962 (1990). We therefore remand to the district court for appropriate findings and, if necessary, resentencing consistent with those findings.
 VIII
 The convictions are affirmed. We remand to the district court for further proceedings regarding Pitchford's sentence.
 AFFIRMED and REMANDED.
 
 
 
 *
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Our citation to Lennick is for the limited proposition that the procedural error is subject to harmless error analysis. We need not, and do not, address the question of whether returning an indictment in court while it is in session but is not open to the public raises the same concerns as handing an indictment to a court clerk while the court is not even in session. "Open court" need not, as defendants urge, mean open to the public
 
 
 [2]
 Bly does not dispute that Bennett was a substantial participant in the conspiracy
 
 
 [3]
 Expert witnesses testified concerning the use of cashier's checks, multiple bank accounts, and transactions in amounts less that $10,000 to launder money. Expert witnesses also testified about money laundering practices involving moving funds from one account to another and using multiple nominees to conduct financial transactions
 
 
 [4]
 The two comments were made as Bly was testifying about certain chairs she claimed to have sold. The district judge said, first, that "[w]e don't need to see the chairs. She said there were six chairs. Are you still attempting to make this some sort of a used furniture lot or something?" A moment later, after Bly testified about the condition of the chairs, the district judge stated "[t]hey were driven by a little old lady to the door of the church."
 
 
 [5]
 Even if we accepted Bly's argument that the district judge's comments constituted a jury instruction, we would review only for plain error because Bly did not object. United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991)
 
 
 [6]
 The proposed instruction read:
 Defendant Brian Pitchford has raised the issue of his mental deficiency with regard to his ability to form the specific intent required to commit the crimes alleged in Counts 1, 2, and 3 of the indictment.
 It is the duty of the jury to consider all of the evidence which may aid in the determination of Brian Pitchford's state of mind in order to determine whether Brian Pitchford acted or failed to act with specific intent as charge[d].
 If the evidence in the case leaves the jury with a reasonable doubt whether the mind of Brian Pitchford was capable of forming or did form specific intent to commit the crimes charged, the jury should find Brian Pitchford not guilty. If you find that Brian Pitchford did not understand or appreciate what was going on, then he could not have formed the specific intent to commit the crimes as charged.
 As stated before, the law never imposes upon a Defendant the burden or duty of calling any witness or producing any evidence.