74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny HUFFMAN, Defendant-Appellant.
 No. 94-50368.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.[1]
Decided Jan. 17, 1996.
 
 1
 Before: POOLE AND O'SCANNLAIN, Circuit Judges, and MARQUEZ,[2] District Judge.
 
 MEMORANDUM[3]
 
 2
 Johnny Huffman ("Huffman") appeals his convictions, following a jury trial, for violating 18 U.S.C. Sec. 371 (conspiracy to commit bank robbery), 18 U.S.C. Sec. 2113(a) and (d) (armed bank robbery), and 18 U.S.C. Sec. 924(c) (using a firearm during a robbery).
 
 
 3
 On September 27, 1993, Huffman and his accomplice entered the Sanwa Bank in Bell Gardens (the "Bank") and robbed it. All three bank employees testified that Huffman was carrying a handgun. Huffman yelled obscenities and intimidated the employees. When Huffman and his companion heard sirens they left the bank, but were arrested a few minutes later just blocks away from the bank. The police searched Huffman and found a large amount of money on him.
 
 
 4
 Huffman raises three arguments on appeal: (1) the district court abused its discretion in admitting evidence of Huffman's two prior robberies; (2) the district court abused its discretion in excluding psychiatric testimony regarding Huffman's mental condition; and (3) there was insufficient evidence for the jury to conclude that the bank was insured by the Federal Deposit Insurance Corporation ("FDIC"). We have jurisdiction, pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 5
 * Huffman claims that the district court improperly admitted evidence of two prior robberies, pursuant to Federal Rule of Evidence 404(b).
 
 
 6
 A district court's decision to admit evidence of prior bad acts, pursuant to Federal Rule of Evidence 404(b), is reviewed for an abuse of discretion. United States v. Arambula-Ruiz, 987 F.2d 599 (9th Cir.1993).
 
 Federal Rule of Evidence 404(b) provides:
 
 7
 Other crimes, wrongs, or acts: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident....
 
 
 8
 "This court regards Rule 404(b) as an inclusionary rule--'evidence of other crimes is inadmissible under this rule only when it proves nothing but the defendant's criminal propensities.' " United States v. Sneezer, 983 F.2d 920, 924 (9th Cir.1992) (quoting United States v. Diggs, 649 F.2d 731, 737 (9th Cir.), cert. denied, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981)).
 
 
 9
 Part of Huffman's defense was that he committed the bank robbery because of duress. In order to rebut this defense, the government sought to introduce evidence of Huffman's three prior bad acts. Specifically, the government contended that the prior bad acts would show that Huffman had not committed the bank robbery under duress.
 
 
 10
 In order to make a determination as to whether the evidence of Huffman's two prior robberies were properly admitted, pursuant to Federal Rule of Evidence 404(b), the evidence must satisfy four criteria:
 
 
 11
 (1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time.
 
 
 12
 United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993) (citing United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990)). The government bears the burden of proving that the evidence meets all of the above requirements. United States v. Alfonso, 759 F.2d 728, 739 (9th Cir.1985). "Furthermore, the Government is required to establish how the evidence is relevant to one or more issues in the case: 'it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.' " Arambula-Ruiz, 987 F.2d 602-603, (quoting United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982)).
 
 
 13
 The previous robberies were offered to disprove Huffman's claimed motive or intent; they tend to show that Huffman engages in robberies while not under duress. See United States v. Hearst, 563 F.2d 1331, 1335-36 (9th Cir.1977); United States v. Hunter, 672 F.2d 815, 817 (10th Cir.1982). Furthermore, the district court gave a limiting jury instruction with respect to admitting the evidence of the prior robberies solely for the purpose of duress and for no other purpose.
 
 
 14
 Contrary to Huffman's argument, the robberies were not too remote in time. The prior robberies were four and five years old. This Court has upheld the admission of prior bad acts which were much more remote in time. See United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989) (13 years); United States v. Spillone, 879 F.2d 514, 519 (9th Cir.1989) (10 years); United States v. Ono, 918 F.2d 1462, 1464 (9th Cir.1990) (6 years); United States v. Hadley, 918 F.2d 848, 851 (9th Cir.1990) (10 years).
 
 
 15
 Lastly, this Court must review for abuse of discretion the district court's decision that the prejudicial effect was outweighed by the probative value of the evidence. Arambula-Ruiz, 987 F.2d 604. Although there is always a danger of prejudice when prior bad acts are admitted, the jury could have well rejected Huffman's argument and more likely have considered the prior bad acts in determining that Huffman did not act under duress while committing this bank robbery.
 
 
 16
 The trial court is vested with "wide discretion in deciding whether to admit such evidence." United States v. Catabran, 836 F.2d 453, 459 (9th Cir.1988). After reviewing the record, it is clear that the district court balanced all the factors necessary in deciding whether or not to admit the prior robberies. The district court acted well within its discretion in admitting the evidence of the two prior robberies.
 
 II
 
 17
 Although the district court allowed Huffman to present evidence regarding his defense of duress, Huffman argues that the district court abused its discretion when it did not permit psychiatric testimony by Dr. St. Martin regarding his mental condition.
 
 
 18
 The district court's decision to exclude evidence, pursuant to Federal Rule of Evidence 403, is reviewed for an abuse of discretion. United States v. Crespo de Llano, 838 F.2d 1006, 1018 (9th Cir.1987).
 
 
 19
 The duress defense is comprised of the following three elements: "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out and (3) no reasonable opportunity to escape the threatened harm." United States v. Johnson, 956 F.2d at 894 (9th Cir.1992).
 
 
 20
 Huffman filed a motion in limine for the purpose of introducing the testimony of Dr. St. Martin. Huffman argued that Dr. St. Martin's testimony would go to the third element of the duress defense; that he was incapable of figuring out a way to escape from his predicament of being forced to commit the robbery.
 
 
 21
 Although Huffman argued that Dr. St. Martin's testimony was not being used to raise an insanity defense, the district court was concerned that the testimony would raise a diminished capacity defense.
 
 
 22
 The district court allowed Huffman to testify regarding his psychiatric condition. In addition, the district court allowed a gang expert to testify regarding how gangs work and how individuals like Huffman are particularly susceptible to the gang's threats and intimidation. However, the court reasoned that Dr. St. Martin's testimony would not help the jury and would have been prejudicial.
 
 
 23
 "A qualified expert witness may testify if the witness' 'specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." United States v. Hoac, 990 F.2d 1099 (9th Cir.1993) (quoting Fed.R.Evid. 702). The district court found that Dr. St. Martin's testimony would not assist the trier of fact and would only result in unfair prejudice, undue delay, and confusion.
 
 
 24
 Under these circumstances, the district court did not abuse its discretion in excluding the testimony of Dr. St. Martin.
 
 III
 
 25
 Huffman argues that the evidence which the government submitted was insufficient for the jury to find that the bank was federally insured at the time of the robbery.
 
 
 26
 This Court "will reverse a conviction for insufficient evidence if 'reviewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. James, 987 F.2d 648, 650 (9th Cir.1993) (citing United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992)) (quotations omitted).
 
 
 27
 In order to obtain a conviction of armed robbery, pursuant to 18 U.S.C. Sec. 2113(a)(d), the prosecution must prove that the bank was FDIC insured. James, 987 F.2d at 650. "[T]he defendant is not entitled to have the bank's insured status proven solely by direct evidence.... Instead, we held that circumstantial evidence of insured status, such as an FDIC certificate of insurance, could be admitted in place of an FDIC representative's testimony." United States v. Chapel, 41 F.3d at 1338 (9th Cir.1994) (citing United States v. Bellucci, 995 F.2d 157, 160-61 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 2719, 129 L.Ed.2d 844 (1994)). However, the FDIC certificate of insurance alone is not enough to support a finding of federally insured status. Chapel, 41 F.3d at 1341; See also United States v. Alexander, 48 F.3d 1477, 1487 (9th Cir.1995).
 
 
 28
 In the instant case, the government introduced into evidence the FDIC certificate which was posted on the wall of the bank. The testimony of Ms. Harmon, customer service manager of Sanwa Bank, indicated that she knew what the certificate of insurance was intended for; that it insures the bank in case the "bank gets into trouble." Furthermore, Ms. Harmon testified that in order for the Sanwa Bank to keep its insurance up to date, the bank pays premiums. Through Ms. Harmon's testimony, the government entered into evidence a check made out to the FDIC dated July 1993. Also, the record indicates that there was no evidence that the FDIC insurance was cancelled. See Chapel, 41 F.3d at 1341.
 
 
 29
 The jury could have found, after presentation of the certificate of insurance, the cancelled check, and the testimony Ms. Harmon, that there was sufficient evidence to conclude that the bank was FDIC insured.
 
 
 30
 AFFIRMED.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. p. 34(a); 9th Cir.R. 34-4
 
 
 [2]
 The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 [3]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3