142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Sergi NIKOLOV, Defendant-Appellant.
 No. 96-50482.
D.C. No. CR 95-01124-WJR.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 9, 1998**.
Decided April 15, 1998.
 
 Appeal from the United States District Court for the Central District of California William J. Rea, District Judge, Presiding.
 Before GIBSON,*** Senior Circuit Judge, and SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant, Sergi Nikolov appeals his 1996 conviction on two counts each of conspiracy to possess and sell counterfeit securities and obligations of the United States, in violation of 18 U.S.C. § 371, and passing counterfeit securities and obligations of the United States, in violation of 18 U.S.C. § 472. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 In this appeal, Nikolov contends that the district court erred when it admitted over his objection two pieces of evidence. We review a district court's decision to admit evidence under the Federal Rules of Evidence Rule 404(b) for an abuse of discretion. United States v. Jackson, 84 F.3d 1154, 1158-59 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 445, 136 L.Ed.2d 341 (1996). Because the parties are familiar with the procedural and factual history of this case, we will not recount it here except as necessary to clarify our decision. For the reasons set forth below, we affirm.
 
 
 4
 1. Admission of Evidence of Nikolov's Prior Counterfeiting Conviction
 
 
 5
 Over the objection of Nikolov's counsel, the district court admitted testimony that Nikolov had been convicted in 1988 of possessing counterfeit currency. This witness also told the jury that the bogus money found in Nikolov's possession during his 1995 arrest was identical to that seized when he was arrested in 1988, and that this coincidence meant that Nikolov had used the same printing press to churn out counterfeit bills in both crimes. Nikolov argues that the district court abused its discretion when it admitted this testimony.
 
 
 6
 Nikolov advances two arguments in support of his contention. First, Nikolov contends that this evidence did not satisfy all of the threshold requirements for admissibility under Federal Rules of Evidence Rule 404(b). In United States v. Sneezer, 983 F.2d 920 (9th Cir.1992), we held that evidence is admissible under Rule 404(b) if (1) sufficient evidence exists for the jury to find that the defendant committed the prior bad act; (2) the bad act is not too remote in time; (3) the bad act is similar to the offense charged; and (4) the evidence proves a material issue in the case. Id. at 924. Although Nikolov does not dispute that the evidence satisfied the first three criteria, he argues that admission of the evidence was unnecessary to prove a material issue. Second, Nikolov argues that, even if the evidence of his prior counterfeiting conviction met the requirements of Rule 404(b), the evidence should not have been admitted because its prejudicial risk outweighed its probative value. Evidence of a defendant's prior bad acts is admissible unless the probative value of the evidence is outweighed by the danger of unfair prejudice. See Fed.R.Evid. Rule 403; see United States v. Arambula-Ruiz, 987 F.2d 599, 604 (9th Cir.1993).
 
 
 7
 As to Nikolov's first argument, we find that Nikolov's prior conviction met the threshold admissibility requirements of Rule 404(b). The district court admitted the 1988 conviction as evidence of Nikolov's knowledge and intent to commit the crimes for which he was then being tried. The court's exercise of its discretion comported with the language of the Federal Rules of Evidence. See Fed.R.Evid. Rule 404(b) (stating that evidence of previous crimes may be admissible "as proof of ... intent ... [and] knowledge"). And because the crimes for which Nikolov was charged required the government to show that he knew the currency was counterfeit and that he acted with the intent to defraud, the admission of the 1988 conviction was appropriate in this case. See United States v. Rodriguez, 761 F.2d 1339, 1340 (9th Cir.1985).
 
 
 8
 Nikolov's second argument also lacks merit. In this case, the district court gave a limiting instruction to the jury and gave additional limiting instructions before the jury began deliberating. Limiting instructions reduce the possibility of unfair prejudice and show that the district court has balanced carefully the probative value of the evidence against its possible prejudicial effect. See United States v. Manning, 56 F.3d 1188, 1197 (9th Cir.1995); see United States v. Nadler, 698 F.2d 995, 1000 (9th Cir.1983) (finding no abuse of discretion where the district court admitted evidence of prior counterfeiting operation and issued cautionary jury instructions).
 
 
 9
 For these reasons, we find no abuse of discretion in the district court's admission of testimony concerning Nikolov's 1998 counterfeiting conviction.
 
 
 10
 2. Admissibility of Background Testimony Regarding the Prosecution of Counterfeiting Crimes
 
 
 11
 The district court permitted one of the government's witnesses to explain to the jury that the United States prosecutes counterfeiters in the interest of "national security" and to avoid "national havoc." In vain Nikolov's counsel objected to the admission of this testimony. Nikolov urges us to find that thistestimony was insufficiently probative to warrant its admission, and that its inflammatory nature was unfairly prejudicial to his defense.
 
 
 12
 Lay opinion testimony is inadmissible unless it is both (1) "rationally based on the perception of the witness" and (2) helpful to the jury in acquiring a "clear understanding of the witness' testimony or the determination of a fact in issue." Fed.R.Evid. Rule 701.[1] The admission of lay opinion testimony rests in the trial judge's broad discretion, and we will not disturb that decision unless it is "manifestly erroneous." Simas, 937 F.2d at 464.
 
 
 13
 The government concedes that this testimony was not highly probative but argues that it was not unfairly prejudicial. We agree that this testimony appears not to have been probative of a fact in issue. But because this witness' comments were general in nature--he avoided, for example, drawing the legal conclusion that Nikolov was a counterfeiter--we find that they did not unfairly prejudice Nikolov's defense. See Fireman's Fund Ins. Cos. v. Alaskan Pride Partnership, 106 F.3d 1465, 1468 (9th Cir.1997) (stating that a lay witness' avoidance of legal conclusions was evidence that his testimony was not unduly prejudicial).
 
 
 14
 But even if the district court abused its discretion in admitting this evidence, we conclude that any error was harmless in light of all the other admissible evidence establishing Nikolov's guilt. "[U]nless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." Schneble v. Florida, 405 U.S. 427, 432, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). The error is harmless if the prejudice resulting from the error probably had no material effect on the verdict. See United States v. Echavarria-Olarte, 904 F.2d 1391, 1398 (9th Cir.1990). In this case, the government loosed an arsenal of damning evidence against Nikolov: The unrebutted testimony of two accomplices; an audio recording in which Nikolov could be heard agreeing to give one of these accomplices a "refund" on some counterfeit money of poor quality; evidence that Nikolov's fingerprints were found on counterfeit money in both of these accomplices' possession when they were arrested; and expert testimony connecting the currency seized from Nikolov in 1988 to that found in his possession in 1995. Under these circumstances, we conclude that any error that resulted from the admission of this evidence was harmless.
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Nikolov urges us to apply the evidentiary standard set forth in Rule 702 of the Federal Rules of Evidence. We decline to do so. Where, as here, the record does not indicate that a witness is testifying as an expert, we assume that the witness is offering a lay opinion. Compare United States v. Simas, 937 F.2d 459, 464-65 (9th Cir.1991) (assessing the admissibility of FBI agents' testimony against the criteria of Rule 701 where they did not testify as experts) with United States v. Lui, 941 F.2d 844, 846 (9th Cir.1991) (evaluating a police officer's testimony under Rule 702 where the officer testified as an expert witness)