**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30220 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00109-SEH-1 |
| v. | |
| EUGENE THOMAS WHITE QUILLS, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted July 10, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Eugene Thomas White Quills, Jr., appeals his conviction of aggravated

sexual abuse in violation of 18 U.S.C. §§ 2241(a) and 1153(a) (the Major Crimes

Act). White Quills argues first that the district court abused its discretion in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

admitting the testimony of two witnesses who told the jury that White Quills's victim, K.J.A., identified White Quills as her rapist between one and two hours after the rape. Second, he contends that the district court erred in refusing to instruct the jury on sexual abuse under 18 U.S.C. § 2242(2) in addition to aggravated sexual abuse under 18 U.S.C. § 2241(a). Finally, White Quills argues that the Government failed to provide sufficient evidence that his tribe—the Blackfeet—is federally recognized (federal recognition being a prerequisite to a conviction under the Major Crimes Act). We have jurisdiction, 28 U.S.C. § 1291, and for the following reasons, we affirm.

**1.**     Two witnesses testified that K.J.A. identified White Quills as her rapist between one and two hours after the rape, and shortly after a lengthy period of uncontrolled weeping. The district court admitted the witnesses' testimony pursuant to the excited utterance exception to the rule against hearsay. *See* Fed. R. Evid. 803(2). We review the district court's evidentiary rulings for abuse of discretion, and "we may consider any error in admitting hearsay harmless unless we have grave doubt whether the erroneously admitted evidence substantially affected the verdict." *United States v. Alvarez*, 358 F.3d 1194, 1214 (9th Cir. 2004) (internal quotation marks and citation omitted). In this case, even if the district court excluded the testimony in question, the record would contain:

2

K.J.A.'s own testimony that White Quills raped her; the two witnesses' accounts of K.J.A.'s hysterical weeping; testimony that semen found in K.J.A.'s body contained White Quills's DNA; White Quills's inconsistent statements to an investigating FBI agent about having had a consensual sexual relationship with K.J.A.; and White Quills's statement to the same agent that he last had sex with K.J.A. months before the rape—too far in the past, the jury heard, to have left recoverable DNA evidence. On the basis of that record, it is very unlikely that the hearsay testimony at issue affected the verdict.

**2.** White Quills would have been entitled to have the jury instructed as to the offense of sexual abuse under 18 U.S.C. § 2242(2) only if it is a lesser-included offense of aggravated sexual abuse under 18 U.S.C. § 2241(a). *See United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (reversing the district court for instructing a jury on murder and involuntary manslaughter, but failing to instruct the jury on the lesser-included offense of voluntary manslaughter). It is not, because each offense requires proof of an element the other does not. *Compare* 18 U.S.C. § 2241(a) *with* 18 U.S.C. § 2242(2); *see, e.g.*, *United States v. Sneezer*, 983 F.2d 920, 923–24 (9th Cir. 1992) (holding that sexual abuse under 18 U.S.C. § 2242(1) is not a lesser-included offense of aggravated sexual abuse under 18 U.S.C. § 2241(a)).

**3.**    Finally, White Quills argues that the record contained insufficient evidence to allow the jury to conclude that the Blackfeet Tribe is federally recognized. We need not reach the issue, because White Quills raised it for the first time in his reply brief. We therefore deem it waived. *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*, 979 F.2d 721, 726 (9th Cir. 1992).

   **AFFIRMED.**