UNITED STATES of America,
Plaintiff–Appellee,

v.

Lloyd Clint SEAMAN; Elwood Wayne Hage, Defendants–Appellants.

No. 93–10305.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1994.

Decided March 4, 1994.

---

**650**

Stephen M. Levine, San Francisco, California, Mark L. Pollot and Michael J. Van Zandt of Keck, Mahin & Cate, San Francisco, California, for the defendants-appellants.

Julian A. Cook, III, and Monte N. Stewart, Assistant United States Attorneys, Las Vegas, Nevada, for the plaintiff-appellee.

Before: CHOY, SCHROEDER, and NOONAN, Circuit Judges.

SCHROEDER, Circuit Judge:

Elwood Wayne Hage and Lloyd Clint Seaman were charged and convicted, after a jury trial, of doing more than $100 in damage to government property, in violation of 18 U.S.C. § 1361, and disposing of government property valued in excess of $100 without authority in violation of 18 U.S.C. § 641.

The defendants-appellants raise a number of issues on appeal, but the dispositive questions are whether the government proved, first, that the value of the property appellants disposed of exceeded $100 and, second, whether the damage to government property exceeded $100. Because we hold that the evidence was insufficient as to each count for each defendant, we reverse the convictions. We need not address the other issues raised.

The conduct of the defendants leading to their convictions was the cutting and taking away of trees from government property without authorization. The government charged that the value of the government's trees carried away exceeded $100 and the damage done to the government's property exceeded $100.

To obtain a conviction under § 641, the government must prove the following four elements: (1) the defendant embezzled, stole, purloined, or knowingly converted to his use or the use of another; (2) things of value; (3) the things of value were federal money or property worth more than $100; and (4) the defendant did such acts willfully and with the intent to appropriate the property to a use inconsistent with the owner's rights and benefits.[1] To obtain a conviction under section 1361, the government must prove four elements: (1) the defendant willfully injured or committed a depridation (2) against the property (3) of the United States and (4) the value of the property damaged exceeded $100.[2]

Although the government could have charged the defendants with the included misdemeanor offenses of taking and damaging property of value less than $100, no such charges were made. All parties agree that if the government failed to prove that the prop-

---

1.  18 U.S.C. § 641 provides:
    Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any ... thing of value of the United States
    ...
    Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both....

2.  18 U.S.C. § 1361 provides:

    Whoever willfully injures or commits any depradation against any property of the United States ..., or any property which has been or is being manufactured or constructed for the United States, shall be punished as follows: If the damage to such property exceeds the sum of $100, by a fine of not more than $10,-000 or imprisonment for not more than ten years, or both....

erty taken or the damage done exceeded $100 in value, the defendants should have been acquitted.

 The defendants at all times during the trial contested the quantity of wood removed from federal as opposed to private land, as well as the value of the trees that were carried away. The prosecution proved that the equivalent of nine cords of wood was cut from government property. The only evidence offered by the government as to the value of those trees was that Seaman advertised to sell firewood at $500 for four cords, $600 for five cords, and $1,100 for eleven cords. The government asks us to use these prices as reflecting the value of the property removed from the federal land.

The defendants point out, however, that what they removed from government property was felled trees, while what they offered for sale was seasoned firewood that had been chopped, packaged, and transported to a convenient place for marketing.

The government counters that the statute contemplates using as a measure of value the retail or wholesale cost of the federal property, and the price asked by the defendants for cords of firewood represents the "retail" value of the trees removed from the federal land. We find this argument unpersuasive because it assumes that the property offered for sale is the same as the property taken from the federal land. The government's position, therefore, is not responsive to the appellants' argument that the finished cords of wood offered for sale represented a different product with a greatly enhanced value from the logs as originally removed. If we entertained any remaining doubt on the issue, it would be resolved by the unanswered testimony of defendant-appellant Seaman that the government itself, when it authorized persons to enter federal land and cut the trees, charged only $5 a cord. The product the government offered for sale at that price more closely resembles the product defendants removed from the government land than the cured firewood. At $5 a cord, the total value of the nine cords of wood cut from federal property would be no more than $45. We therefore cannot, on this record, find any basis to support a valuation in excess of $100.

 With respect to § 1361, the government was required to prove that the damage to government property, as a result of the cutting, was in excess of $100. There was no evidence whatsoever of that value introduced into this record. The government asks us to assume that the jury could have concluded from pictures that the property damage exceeded $100 in value, but the photographs do not provide any basis for evaluating damage in monetary terms. There was no evidence as to the actual value of the land either before or after the defendants' depredations. Because value in excess of $100 was an element of the offense charged, and because it is the government's burden to prove all elements of the crime charged, *see United States v. James*, 987 F.2d 648, 650 (9th Cir. 1993) (federal bank robbery conviction reversed where government failed to introduce any evidence that bank was federally insured at time of robbery), the failure of proof requires reversal and vacating the convictions under section 641, as well as the convictions under section 1361.

REVERSED.