61 F.3d 914
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Donald Douglas SMITH, Defendant-Appellant.
 No. 94-30376.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1995.*
Decided July 20, 1995.
 
 1
 Before: GOODWIN, HUG and SCHWARZER,** Circuit Judges.
 
 
 2
 MEMORANDUM***
 
 
 3
 James Donald Douglas Smith harvested and sold federal timber without authorization, and in the process damaged federal land. He was convicted on three counts of theft of government property, 18 U.S.C. Sec. 641, and two counts of depredation of government property, 18 U.S.C. Sec. 1361.
 
 
 4
 Smith argues that the district court improperly charged the jury with a "deliberate ignorance," or "conscious avoidance" instruction. See United States v. Jewell, 532 F.2d 697 (9th Cir.), cert. denied, 426 U.S. 951 (1976). Smith did not object to the instruction in accordance with Fed. R. Crim. P. 30. We therefore limit review of the instruction to plain error. Rule 52(a); United States v. Campbell, 42 F.3d 1199, 1204 (9th Cir. 1994), cert. denied, 115 S.Ct. 1814 (1995).
 
 
 5
 Some of the government's evidence tended to establish that Smith acted with actual knowledge that he was cutting federal timber, and some of the government's evidence tended to establish that Smith deliberately turned a blind eye to that fact. "[I]f there is evidence of both actual knowledge and of deliberate ignorance, a Jewell instruction is appropriate." United States v. Sanchez-Robles, 927 F.2d 1070, 1074 (9th Cir. 1991) (citations omitted) (emphasis in original).
 
 
 6
 "The first limitation on appellate authority under Rule 52(a) is that there indeed be an 'error."' United States v. Olano, 113 S.Ct. 1770, 1777 (1993). In a similar case we held the Jewell instruction applicable. United States v. Henderson, 721 F.2d 276 (9th Cir. 1983) (logger straying across boundary lines onto federal land). There is no error, let alone plain error, here.
 
 
 7
 Smith next argues that the district court abused its discretion in admitting evidence of Smith's timber theft at "Goose Gap." The evidence was introduced, subject to limiting instructions, see United States v. Sneezer, 983 F.2d 920 (9th Cir. 1992), cert. denied, 114 S.Ct. 113 (1993), in order to show absence of mistake or accident and presence of an intent to steal. See F.R.E. 404(b). Evidence admissible under F.R.E. 404(b) may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice ...." F.R.E. 403 (emphasis added). Smith argues that the district court struck the wrong balance under F.R.E. 403. The district court has wide discretion in striking the balance, and did not abuse it here.
 
 
 8
 Lastly, Smith argues that the district court improperly calculated the loss to the government. Citing United States v. Seaman, 18 F.3d 649 (9th Cir. 1994), he argues that the loss to the government does not include the costs of logging or delivering felled trees to the lumber mill. We have rejected this reading of Seaman, however, and have said that
 
 
 9
 [w]e do not subtract the costs of pulling off the caper when we calculate the value of stolen property. Although being cut and carted away is surely a significant event from the perspective of a tree, it is not an economically significant event under Seaman. Seaman contemplates a commercial modification of the product stolen. Any commercial modification of the trees taken from the [federal land] occurred after [Smith] delivered the virgin timber to [the lumber mill]. We find no error.
 
 
 10
 Campbell, 42 F.3d 1199, 1205 (9th Cir. 1994) (emphasis in original).
 
 
 11
 We AFFIRM the convictions.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3