FILED

NOT FOR PUBLICATION

NOV 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30175 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00027-RFC-1 |
| v. | |
| BONNIE MARGARET SCHREIBER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted October 14, 2011
Portland, Oregon

Before: EBEL,[**] BERZON, and N.R. SMITH, Circuit Judges.

Defendant-Appellant Bonnie Schreiber appeals her convictions for mail

fraud, wire fraud, and theft, arguing that there was insufficient evidence presented

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

at trial to support those convictions.  Having jurisdiction under 28 U.S.C. §1291, we reject that argument and affirm her convictions.  Although Schreiber also argues that defense counsel provided ineffective representation during trial, we decline to address that issue on direct appeal.

1.  We review de novo the sufficiency of the evidence to support Schreiber's convictions, determining "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Tucker, 641 F.3d 1110, 1118-19 (9th Cir. 2011) (internal quotation marks omitted).

The jury convicted Schreiber of two counts of mail fraud, in violation of 18 U.S.C. §1341, and one count of wire fraud, in violation of 18 U.S.C. § 1343. There was sufficient evidence presented at trial from which a rational jury could have found beyond a reasonable doubt all of the elements necessary to convict Schreiber of mail and wire fraud.[1] See United States v. Pelisamen, 641 F.3d 399, 409 (9th Cir. 2011) (stating elements of wire fraud); United States v. Van Alstyne, 584 F.3d 803, 814 (9th Cir. 2009) (mail fraud); United States v. Crandall, 525 F.3d 907, 911 n.3 (9th Cir. 2008) (mail and wire fraud).

---

[1]Counsel for Schreiber conceded at oral argument that a reasonable finder of fact could have found Schreiber guilty of the charges based upon the evidence submitted.

Schreiber argued that the government failed to prove intent to defraud based upon her representations that she remained disabled. The evidence showed, however, that Schreiber was leading an active lifestyle that included hunting, fishing, boating, camping, riding horses and snowmobiles, frequently cutting wood to heat her home, and training as a member of the local volunteer fire department. Although Schreiber reported to her doctors and therapist that she hunted, fished, horseback-rode, and "was out in the countryside," she also warned a neighbor that, if anyone came around asking if she did any work outside, to answer that he did not know. In addition, Schreiber continued to certify that she remained unable to work in order to obtain workers' compensation benefits. Viewing this evidence in the light most favorable to the government, a rational trier of fact could have found that Schreiber was no longer disabled and thus guilty of mail and wire fraud.

The jury also convicted Schreiber of theft of more than $1,000 from the United States, in violation of 18 U.S.C. § 641. The evidence presented at trial, as set forth above, was sufficient for a rational jury to find that Schreiber knowingly stole money belonging to the United States by continuing to collect workers' compensation benefits in excess of $68,000 after she regained the ability to work. See United States v. Seaman, 18 F.3d 649, 650 (9th Cir. 1994) (stating elements of theft from the United States).

2. Schreiber also argues that her trial attorney provided ineffective

representation.  Ordinarily, courts will not consider ineffective-assistance claims raised on direct appeal because the trial record, without further development, will not provide a sufficient basis for resolving such claims.  See Massaro v. United States, 538 U.S. 500, 503-06 (2003).  That is the case here, where Schreiber argues that her attorney should have presented evidence to show both that she remained medically disabled and that her mental condition may have affected Schreiber during her trial.

**AFFIRMED.**