**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 17-50182, 17-50318 |
| Plaintiff-Appellee, | D.C. No. 16-CR-138-JGB |
| v. | |
| CHRISTOPHER JUDE MARTIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted August 9, 2018[**]
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and EZRA,[***] District Judge.

Christopher Jude Martin ("Appellant") broke into an FBI Office and

damaged a wooden FBI seal that hung in the office lobby, a printer located in the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

office's secure space, and two sets of doors—a double door set that leads from the public entrance into the office lobby and a single door that leads from the office lobby into the office's secure space. Appellant was convicted after a bench trial for violation of 18 U.S.C. § 1361 ("Section 1361"), Injury to Government Property Exceeding $1,000, and ordered to pay the government restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. He now appeals his conviction and restitution obligation, arguing that the district court erred by (1) finding the damage to the government property exceeded $1,000; and (2) including replacement costs and labor costs in the restitution calculation. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**Sufficiency of the Evidence**

We review the sufficiency of the evidence de novo. *See United States v. Grovo*, 826 F.3d 1207, 1213 (9th Cir. 2016). We affirm a district court's judgment in a bench trial "if, viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Temkin*, 797 F.3d 682, 688 (9th Cir. 2015) (internal quotation marks omitted). Appellant argues that there was insufficient evidence to sustain his conviction because the government relied on evidence of the replacement value of the damaged property rather than evidence of

the items' fair market value. However, by its terms, Section 1361 does not require the government to use fair market value; rather, the statute is silent as to how to value the damage. *See* 18 U.S.C. § 1361. At trial, the government offered testimony that the aggregate cost of replacing the damaged items reasonably exceeded $1,000. Accordingly, there was sufficient evidence from which a reasonable trier of fact could find beyond a reasonable doubt that Appellant damaged more than $1,000 of government property. *See United States v. Seaman*, 18 F.3d 649, 650 (9th Cir. 1994).

**Restitution Calculation**

We review for abuse of discretion a district court's restitution order that is within the bounds of the statutory framework. *United States v. Luis*, 765 F.3d 1061, 1065 (9th Cir. 2014). Appellant argues that the district court erred by including the replacement costs of the damaged items in the restitution calculation, in addition to including construction and labor costs that the government was required to expend in installing new items to replace those that Appellant damaged beyond repair. Because the fair market value of the destroyed doors, FBI seal, and printer would be difficult to measure, the district court did not abuse its discretion when it used the replacement value to calculate restitution. *See United States v. Kaplan*, 839 F.3d 795, 799 (9th Cir. 2016). Similarly, the district court did not

abuse its discretion when it included construction fees and labor costs in the restitution order because the fees and costs are a direct and foreseeable result of Appellant's conduct. *See United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 928 (9th Cir. 2001); *see also United States v. Brock-Davis*, 504 F.3d 991, 1000 (9th Cir. 2007).

For the reasons stated above, we **AFFIRM** Appellant's conviction and the district court's restitution order.

**AFFIRMED.**